J-S11007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LUIS MIGUEL NAVEDO | |
| Appellant | No. 959 MDA 2014 |

Appeal from the Judgment of Sentence May 16, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002427-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 01, 2015**

Appellant, Luis Miguel Navedo, appeals from the judgment of sentence entered May 16, 2014, by the Honorable James M. Bucci, Court of Common Pleas of Berks County.  We affirm.

Following a jury trial, Navedo was convicted of first degree murder,[1] attempted first degree murder,[2] four counts of aggravated assault,[3] and possessing an instrument of crime.[4]  The convictions stemmed from an incident in which eyewitnesses observed Navedo shoot to death one victim and injure another in the parking lot of a crowded nightclub in Reading.  On

---

[1] 18 Pa.C.S.A. § 2502(a).
[2] 18 Pa.C.S.A. § 901(a).
[3] 18 Pa.C.S.A. §§ 2702(a)(1); (a)(4).
[4] 18 Pa.C.S.A. § 907(a).

May 16, 2014, the trial court sentenced Navedo to life imprisonment. This timely appeal followed.

Navedo argues that his convictions were against the weight and sufficiency of the evidence. Preliminarily, we note that "a weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." ***Commonwealth v. Thomson***, 93 A.3d 478, 490 (Pa. Super. 2014) (citing Pa.R.Crim.P. 607). Failure to do so will result in waiver of the claim on appeal. ***See id***.

Instantly, Navedo failed to raise a challenge to the weight of the evidence to support his conviction either at sentencing or in a post-sentence motion. Therefore, this claim is waived. ***See Thomson***.

We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and

the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id*. (citation omitted).

In his Rule 1925(b) Statement of Errors Complained of on Appeal, Navedo argued only that the "evidence presented at trial [was] insufficient to establish each element of [his convictions] beyond a reasonable doubt because the Commonwealth failed to prove that Luis Miguel Navedo was the actor that killed Jose A. Rivera on September 3, 2012, that he attempted to do so, or that he possessed an instrument of crime." Concise Statement, 6/24/14 at ¶1. This blanket statement fails to satisfy the requirement that

- 3 -

an appellant must state with specificity the elements of the crimes for which there is allegedly insufficient evidence. As Navedo fails to identify which elements of his convictions he was challenging, we are constrained to find his sufficiency claims waived. ***See Garland***.

We will, however, address the specific claim alleged in Navedo's Rule 1925(b) statement that the Commonwealth failed to identify Navedo as the individual who killed Jose Rivera, that he attempted to do so, or that he possessed an instrument of crime. In support of his claim, Navedo essentially attacks the credibility and reliability of the eyewitnesses who testified that they observed Navedo perpetrate the shooting that resulted in the victim's death. ***See*** Appellant's Brief at 25-26. This argument is not an attack on the sufficiency of the evidence, but rather an allegation regarding the weight the victim's testimony should have been afforded. ***See Commonwealth v. Griffin***, 65 A.3d 932, 939 (Pa. Super. 2013), ***appeal denied***, 76 A.3d 538 (Pa. 2013). As previously noted, Navedo failed to preserve a weight challenge, and thus, has waived this argument on appeal.

Due to our disposition of the foregoing issues, we find no basis on which to disturb Navedo's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/1/2015</u>