J-S72044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA WAYNE ROBINSON, | : | |
| | : | |
| Appellant | : | No. 714 MDA 2016 |

Appeal from the Judgment of Sentence February 16, 2016
in the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000210-2011

BEFORE:    GANTMAN, P.J., DUBOW, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED DECEMBER 09, 2016**

Joshua Wayne Robinson (Appellant) appeals from the judgment of sentence entered February 16, 2016.  We affirm.

The trial court summarized the facts and procedural history as follows.

> [Appellant] was convicted after trial by jury on June 21, 2012 of one count each of criminal attempt to commit rape of a child and rape of a child, as well as three (3) counts of indecent assault for acts involving S.M., a minor child.  The charges arose from S.M.'s allegation that in August of 2011, [Appellant], her step-father, engaged in inappropriate sexual activity with her while she visited his home after [Appellant] and her mother separated.  [Appellant] was sentenced by [the trial court] on October 2, 2012 to an aggregate term of imprisonment in a state correctional institution of not less than fifteen (15) years to not more than thirty (30) years. [Appellant's post-sentence motion] was filed the same date.
>
> [The trial court] denied [Appellant's] first post[-]sentence motion.  [Appellant] thereafter appealed to the Superior Court

* Retired Senior Judge assigned to the Superior Court

> [which] affirmed [the trial court's] judgment of sentence on November 14, 2013[.] [Appellant's] Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on April 2, 2014. On March 13, 2015, [Appellant] filed a *pro se* Petition for Post[-]Conviction Relief [(PCRA)], which [the PCRA court] granted, in part, on the grounds that an illegal sentence had been imposed and directed that [Appellant] be resentenced.[1] Thereafter, [the trial court] resentenced [Appellant] on February 16, 2016, to an aggregate term of 180 to 360 months [of] incarceration in a [s]tate [c]orrectional [i]nstitution.

Opinion and Order of Court, 4/22/2016, at 1-2 (footnotes and citations omitted).

Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence. On April 22, 2016, Appellant's motion was denied. This appeal followed.[2]

Appellant raises the following issues for this Court's review, which we have reordered for ease of disposition.

    I.    Did the trial court err in denying Appellant's request for relief under the [PCRA] when trial counsel failed to file a motion to suppress Appellant's unrecorded confession?

    II.    Did the trial court abuse its discretion by imposing an unduly harsh and unreasonable sentence because the trial court failed to consider Appellant's rehabilitative needs versus the public's safety?

Appellant's Brief at 6 (suggested answers, unnecessary capitalization, and emphasis omitted).

---

[1] Appellant had been sentenced to a mandatory minimum, later held unconstitutional by **Alleyne v. United States**, 131 S.Ct 2151 (2013), while Appellant's direct appeal was pending. As such, Appellant was entitled to the imposition of a new sentence.

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Presently, Appellant is seeking relief from his new judgment of sentence entered on February 16, 2016. Because Appellant is currently on direct appeal, his claim that trial counsel was ineffective for failing to file a motion to suppress cannot be pursued at this stage. Except in rare circumstances not present here, ineffective-assistance-of-counsel claims can be raised only on collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) ("[C]laims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal.").

Consequently, we address the only remaining issue before us regarding the discretionary aspects of Appellant's sentence. Specifically, Appellant argues that his sentence on counts 1 and 2 should have been ordered to run concurrently and not consecutively. Appellant avers this is particularly true considering his background and the fact that he "had never been in trouble before." Appellant's Brief at 25-26.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

(4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant timely filed a post-sentence motion and a notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. We now consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and quotation marks omitted).

This Court has recognized that a "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015). Thus, we are empowered to address the merits of Appellant's claim.

Notably, Appellant acknowledges that for each count, he received a sentence within either the mitigated or standard range. Nonetheless, he argues that, based on his background, the trial court erred in ordering his sentences to run consecutively. Appellant's Brief at 25-26. In response, the trial court stated the following:

> As part of the sentencing proceeding, the [trial court] heard from and considered the comments of the District Attorney, Attorney Sembach on [Appellant's] behalf, the child/victim's grandmother, and [Appellant]. Certainly, the [trial court] heard about and considered the programming [Appellant] participated in at SCI Fayette. The [trial court] considered a letter written by [Appellant] dated February 6, 2016, in which he described educational programs he completed at the state correctional institution, as well as the fact that he has been misconduct[-]free since his reception into the Department of Corrections.
>
> In imposing sentence, the [trial court] considered all of the evidence presented at [Appellant's] jury trial over which [the trial court] presided, as well as the jury's verdict. The initial pre[-]sentence investigation report [(PSI)] as well as the updated [PSI were] considered. The sentence[ing] guidelines were considered, and the sentences imposed were all within the standard range of sentences. Specifically, the standard range for count 2, rape of a child, given [Appellant's] prior record score of 0 and an offense gravity score of 14, is 72-240 months; the minimum sentence imposed was 120 months. The standard range for count 1, criminal attempt (rape of a child), with an offense gravity score of 13, is 60-78 months; the minimum sentence imposed was 60 months. A standard range of 3-12 months was considered for Count 5, indecent assault, which was calculated using an offense gravity score of 6; the minimum sentence imposed was 12 months. Both counts 3 and 4, indecent assault, have a standard range of RS (restorative sanctions) [to] 9 months, given an offense gravity score of 5; the minimum sentence imposed was 6 months. Further, counts 3, 4, and 5 were run concurrently to count 2 and each other, demonstrating that the [trial court] gave careful attention to the

length of incarceration necessary to accomplish the [trial court's] sentencing goals pursuant to 42 Pa.C.S.A. §9721.

The [trial court] weighed the need to protect the child/victim and the community from future criminal acts committed by [Appellant]. [Appellant] was found guilty of sexually assaulting his young step-daughter while she was entrusted to his care and supervision. Despite the jury's verdict, correspondence from [Appellant's] family essentially urged the [trial court] to ignore the verdict and assume that he had been wrongly convicted. Appropriately, the [trial court] refused to do so.

Considering [Appellant's] good behavior while incarcerated, excellent family support, and lack of a prior record and weighing the jury's finding as to [Appellant's] commission of despicable acts on the child/victim and the need to protect the child/victim and the community at large, the [trial court] found that this case presented as a standard range case warranting a standard range sentence. Accordingly, the sentence imposed was appropriate.

Trial Court Opinion, 4/22/2016, at 4-6 (citations omitted).[3]

Upon review of the record, this Court finds the trial court appropriately considered and weighed all the necessary factors.[4] As such, we disagree

---

[3] The trial court's April 22, 2016 opinion was authored in support of its denial of Appellant's post-sentence motion.

[4] At resentencing, the trial court stated the following:

So we sentence today considering a whole host of information required to be considered by the [trial court]. I've considered things such as the evidence presented at trial, the child's testimony, [Appellant's testimony], [] the other evidence that was offered to the jury[, and the] jury's verdict in this case.

All of the information that was contained within the initial [PSI], as well as the updated information. I have considered the materials that were provided to me by [Appellant's] counsel during- actually in advance of these proceedings, but [*sic*] the

with Appellant that the trial court failed to consider Appellant's rehabilitative needs and background when imposing his sentence.[5] Furthermore, in light of the foregoing, we discern no abuse of discretion in the trial court's decision to order two of Appellant's sentences to run consecutively,[6] and the remaining counts to be served concurrently.

---

> original correspondences from all of these individuals in support of you, as well as the letter [Appellant] wrote to the [trial court] dated February 6 indicating how [Appellant] spent [his] time since [he's] been incarcerated. And I've considered the words of [victim's] grandmother who came here today to address the [trial court]. I've considered the comments of the District Attorney.

N.T., 2/156/2016 at 11-12.

[5] "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Griffin***, 65 A.3d at 937 (quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)).

[6] Speaking for myself only and not as the conduit of this Court's decision, ***see Commonwealth v. King***, 57 A.3d 607, 633 n. 1 (Pa. 2012) (Saylor, J., concurring) (discussing the precedent for a special concurrence by the author of the majority opinion), while I have no qualms with the trial court's exercise of discretion in the instant case, I continue to be concerned about the nearly unfettered discretion given to trial courts in imposing consecutive or concurrent sentences. ***See Commonwealth v. Zirkle***, 107 A.3d 127 (Pa. Super. 2014) (Strassburger, J., concurring).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016