J-S03034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JACOB M. SPINNEY, | : | |
| | : | |
| Appellant | : | No. 1048 WDA 2016 |

Appeal from the Judgment of Sentence May 13, 2016
in the Court of Common Pleas of Warren County,
Criminal Division, at No(s): CP-62-CR-0000005-2016,
CP-62-CR-0000012-2015, CP-62-CR-0000533-2015,
CP-62-CR-0000534-2015

BEFORE:     OLSON, SOLANO, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 01, 2017**

Jacob M. Spinney (Appellant) appeals from the judgment of sentence imposed after he pled guilty to simple assault.  We affirm.

Because of the issue raised herein, a full recitation of the factual and procedural history is not necessary.  Pertinent to this appeal, in January 2015, Appellant was charged at docket number CP-62-CR-0000012-2015 with burglary, conspiracy, and simple assault.  On March 31, 2016, after spending time in an inpatient drug rehabilitation facility, Appellant pled guilty to simple assault, and the Commonwealth *nolle prossed* the remaining charges.  On May 13, 2016, Appellant was sentenced to six to twelve months' incarceration, to run consecutive to sentences he received at other docket numbers.  At sentencing, despite his request, the sentencing court

_____
*Retired Senior Judge assigned to the Superior Court.

declined to give Appellant credit on his sentence for the time he spent in the rehabilitation facility.

On the day he was sentenced, Appellant filed a post-sentence motion, requesting the trial court modify his sentence, which the court denied on June 17, 2016. This appeal followed, wherein Appellant's sole issue is "[whether] the failure to provide credit for Appellant's drug addiction treatment at sentencing result[ed] in a sentence that was unreasonable, manifestly excessive, and an abuse of discretion?" Appellant's Brief at 3 (suggested answer and unnecessary capitalization omitted).

While a sentencing court's failure to award credit time ordinarily implicates the legality of a sentence, the determination of whether a defendant is entitled to credit for time spent voluntarily[1] in a drug rehabilitation facility is within the discretion of the sentencing court. *See Commonwealth v. Toland,* 995 A.2d 1242, 1250–51 (Pa. Super. 2010) ("[W]hether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, *e.g.,* as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for

---

[1] As set forth in more detail *infra*, Appellant concedes his time spent in the drug rehabilitation facility was voluntary. *See also* Appellant's Brief at 11 ("Appellant's time spent in drug treatment rehabilitation was voluntary[.]").

such commitment is a matter within the sound discretion of the court.")

(citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Appellant filed timely a post-sentence motion and a notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. On appeal, Appellant alleges the reasons given by the sentencing court "for denying credit were inappropriate and as a result of Appellant's unique circumstances[,] Appellant spent more time in confinement (in locked treatment facilities), th[a]n he would have otherwise." Appellant's Brief at 8.

At the outset, we find Appellant has raised a substantial question for our review. *Commonwealth v. Shull*, 148 A.3d 820, 847 (Pa. Super. 2016) (discussing the merits of Shull's claim that the trial court erred in

failing to award him credit for time spent in a rehabilitation center).  Here

Appellant argues that his

> time spent in drug rehabilitation was voluntary, but it was substantially incentivized by the circumstances to the point of almost making it involuntary. … [A]ppellant's reasons for entering treatment were clearly to avoid spending additional time in jail.  Initially, treatment was not a condition of Appellant's bail.  However, Appellant realized his addiction had caused him to commit other crimes and he would be facing other theft related charges in the future.  Appellant ran the risk, and rightly so, that when presented with these new charges he would not be released on unsecured bail.  The District Attorney stated he would allow Appellant to finish his inpatient rehab before facing new charges.  Appellant was therefore presented with the options of [(1)] staying in treatment and possibly given credit for time served or [(2)] facing new charges and going back to jail. This created a substantial incentive for Appellant to remain in treatment.  The voluntary treatment was nearly involuntary at this point!

> * * *

> Appellant argues that the facts present in this case do not warrant the [sentencing] court's imposition of a sentence which denies him credit for time spent in drug rehabilitation.  Appellant was in a nearly custodial situation and not all factors were adequately considered in crafting his sentence.  Public policy justifies incentivizing awarding credit for those in Appellant's situation, and the judge failed to award credit for time in treatment in this case.  Failure to do so created a sentence which was unreasonable, manifestly excessive, and an abuse of discretion.

Appellant's Brief at 11-13.

The sentencing court offered the following response to Appellant's

argument:

> In the instant case, there was no bail condition of inpatient treatment and Appellant was not subject to any condition that was custodial in nature.  When the inpatient rehabilitation

- 4 -

treatment is voluntary, then the grant of credit for time served is discretionary. … Although the treatment providers explained that Appellant made progress, the [sentencing c]ourt gave detailed reasons for not granting credit[.] Appellant engaged in criminal activity after going through treatment by assaulting a fellow inmate, which showed the ineffectualness of the treatment. Appellant claimed to accept the consequences of his actions in treatment but continued to perpetuate his lies to his own mother regarding his theft of her firearms. Appellant also "cheeked" medications to misuse or distribute the medication, which also showed the ineffectiveness of the treatment. Appellant had other misconducts during incarceration. During Appellant's incarceration, he attended zero out of nine self-help meetings. Appellant has a history of revocations due to re-offending and using. Based on the totality of the circumstances, the [sentencing c]ourt found that granting credit for ineffectual inpatient treatment to be inappropriate.

Sentencing Court Opinion, 8/18/2016, at 3-4.

A review of the sentencing transcript confirms that the sentencing court did indeed consider Appellant's request that he receive credit for time spent in the drug rehabilitation center. However, for the reasons it set forth in its 1925(a) opinion (as cited *supra*), and on the record at sentencing, the sentencing court did not believe Appellant benefited from the time he voluntarily spent in the rehabilitation facility, and therefore, awarding him credit would be inappropriate. **See** N.T., 5/13/2016, at 18-27. Under these facts, we discern no abuse of discretion in the sentencing court's decision to deny Appellant's request.[2]

---

[2] In finding Appellant is entitled to no relief from this Court, we are not persuaded by his argument that his voluntary decision to enter the rehabilitation facility was rendered "almost" involuntary due to his particular circumstances. Appellant makes no argument that he was ordered by the trial court to enter inpatient rehab. To the contrary, it is clear from

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017

---

Appellant's own brief that his desire to enter rehab was, in large part, due to the fear of facing additional charges and jail time. The fact that entering an inpatient rehabilitation facility was the more desirable option does not make his decision involuntary.