J-S17018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHEED HALL | |
| Appellant | No. 2705 EDA 2015 |

Appeal from the Judgment of Sentence entered August 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0004945-2014; and
CP-51-CR-0004943-2014

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                      **FILED JUNE 30, 2017**

Appellant Rasheed Hall appeals from the August 21, 2015 judgment of

sentence entered in the Court of Common Pleas of Philadelphia County ("trial

court").  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As

recounted by the trial court:

> On January 30, 2014, at 11:30 pm, Sharday Williams and her
> boyfriend Derrick Moye left Moye's residence located on the 2600
> block of West Lehigh Avenue.  After taking a few steps towards
> her car, co-Defendant Clinton Brown approached Williams, stole
> her wallet, and ran away.  Observing the robbery of his girlfriend
> Williams, Moye chased after co-Defendant Brown.  As Moye
> chased co-Defendant, [Appellant] Rasheed Hall emerged from
> the front of a nearby bar, struck Moye in the head with a firearm
> and then fired one shot into Moye's chest.  [Appellant] and co-
> Defendant then fled the scene together on foot, running in the
> same direction.
>
> Following the shooting, Williams and Moye went to Moye's
> home, where his mother also resided.  Moye's mother dialed
> 911, and police and an ambulance arrived shortly thereafter.
> Moye was taken to Temple University Hospital.  Police officers

then took Williams to Northwest Detectives where she provided a description of the males. Based upon "flash" information describing [Appellant] and co-Defendant, police officers stopped three males who were standing together: [Appellant], co-Defendant, and another male. An hour after the robbery and shooting, [o]fficers then brought Williams to the location where officers had the three individuals stopped, and Williams identified [Appellant] and co-Defendant as the two males who stole her wallet and shot Moye.

Search incident to their arrests, police recovered two cell phones from [Appellant] and co-Defendant. Detectives obtained search warrants for the phones, however, they were unable to access [Appellant's] phone. After obtaining the cell phone number for co-Defendant's phone, detectives then obtained search warrants for the subscriber information and call logs for that phone. Detectives determined that co-Defendant's contacts included one with the name of "Sheed." The number associated with "Sheed" was [Appellant's] cell phone number. Detectives called the number for "Sheed," and [Appellant's] cell phone rang. Detectives reviewed the call logs and determined that [Appellant] and co-Defendant communicated multiple times during the period of January 29, 2014 to January 31, 2014, including two phone calls, roughly eight minutes apart, that occurred just after the robbery and shooting.

Police obtained a warrant to search the property located at 2531 West Oakdale Street, where [Appellant] resided. As part of the search, Detective Leonard Azzarano recovered five .32 caliber rounds, one .40 caliber round, and fourteen .22 caliber rounds from a bowl in the kitchen. Detective Azzarano also recovered one black and one tan jacket from the dining room. Detective Kevin Sloan recovered numerous .45 caliber rounds from inside a suitcase in the middle bedroom of the second floor, along with a dry cleaning receipt, dated 1/28/14, with [Appellant's] name on it and a description of the article of clothing cleaned as one jumpsuit. Shortly after the robbery, police recovered a silver .22 caliber revolver from the 2600 block of Sterner Street, which was approximately one block from the residence of co-Defendant Brown.

Hyung Le, a forensic scientist with the Philadelphia Police Office of Forensic Science, testified that there was gunshot residue on the black Dickie jumpsuit worn by [Appellant] and recovered from him the night of his arrest, in particular, on the outside front and back of the right sleeve and cuff.

Trial Court Opinion, 6/15/16, at 1-3 (footnote omitted).

On April 23, 2015, Appellant filed a motion to suppress, challenging his on-scene identification by Sharday Williams. The trial court conducted a

hearing on the motion, at which Williams and Detective Wayne Brown testified.

> Williams testified that on the night of the robbery and shooting, she and her boyfriend Moye exited his house. As they were walking toward her car, co-Defendant Brown came from her right, snatched her purse and ran off to the left. As Moye chased after co-Defendant, Williams observed [Appellant] step out from in front of the bar that was two houses down, run towards Moye and shoot him in the chest. Williams described [Appellant] as wearing a black hoodie, a black Dickie jacket and blue pants. Williams stated that from the time they exited the house until the shooting occurred was about two minutes.

> Detective Wayne Brown testified that he brought Williams to identify three males who had been stopped within an hour of when the shooting occurred. Detective Brown testified that the three males who were detained were standing outside the police car, that it was dark but the street lights were lit, that Williams was seated in the Detective's car no more than 15' to 20' away with a clear view of the males, and that Williams positively identified [Appellant] and co-Defendant as the two individuals involved in the robbery and shooting. Detective Brown testified that Williams identified [Appellant] by his Dickie outfit or jacket.

*Id.* at 3-4. At the conclusion of the hearing, Appellant withdrew his suppression motion. The case proceeded to a jury trial. Following trial, Appellant was convicted of aggravated assault, conspiracy to commit aggravated assault, robbery, conspiracy to commit robbery, persons not to possess firearms, carrying a firearm without a license, and possessing an instrument of crime. The trial court sentenced Appellant to an aggregate term of 16½ to 33 years' imprisonment. Appellant did not file any post-sentence motions. He timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises three issues for our review:

[I.] The trial court erred and abused its discretion when it denied [Appellant's] motion to suppress the identification of eyewitness Sharday Williams.

[II.] The trial court erred and abused its discretion when it denied [Appellant's] motion to suppress all evidence obtained at the 2531 Oakdale Street property, as the search warrant was based on defective information, specifically, the defective identification of [Appellant].

[III.] The verdict was against the weight of the evidence. The Commonwealth has shown that [Appellant] was wearing a black Dickie jumpsuit, which had one particle that could be identified as gunshot residue and that ammunition of multiple caliber were found in his residence that he shares with other family member[s].

Appellant's Brief at 6 (unnecessary capitalization omitted).

We need not address Appellant's issues on appeal as they are waived. Appellant's first issue is waived because, at the conclusion of the suppression hearing, he **agreed** with the trial court that the on-scene eyewitness identification of Appellant by Williams was "not overly suggestive." N.T. Suppression, 5/14/15 at 56-57. Moreover, Appellant withdrew the suppression motion. Appellant's second issue is similarly waived. **Id.** at 58 ("At this point, I'm going to withdraw that motion.").[1] We also need not address the merits of Appellant's third issue because he failed to preserve it for our review. Specifically, our review of the record indicates that Appellant failed to raise the weight of the evidence issue before the trial court. "A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to

_____

[1] Our review of the docket does not indicate that Appellant renewed his suppression motion in the trial court.

sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." ***Commonwealth v. Griffin***, 65 A.3d 932, 938 (Pa. Super. 2013) (citing Pa.R.Crim.P. 607) (other citations omitted). As Appellant did not raise this claim at sentencing or preserve it through a timely filed post-sentence motion, the issue is waived on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017