J-S25007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DWAYNE A. GOLSTON | : | |
| | : | |
| Appellant | : | No. 910 WDA 2017 |

Appeal from the Judgment of Sentence May 22, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0002218-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 30, 2018**

Appellant, Dwayne A. Golston, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his jury trial convictions for forgery, access device fraud, identity theft, receiving stolen property, and possessing instruments of crime.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises three issues for our review:

> APPELLANT AVERS AND BELIEVES THAT THE [COURT] ERRED WHEN IT DENIED APPELLANT'S OMNIBUS PRE-TRIAL MOTIONS AND THEREBY RULED THAT APPELLANT'S CONSTITUTIONAL RIGHTS HAD NOT BEEN VIOLATED BY THE MILLCREEK TOWNSHIP POLICE DEPARTMENT (MPD), SPECIFICALLY THAT THE STOP AND/OR SEARCH OF

---

[1] 18 Pa.C.S.A. §§ 4101(a)(2); 4106(a)(1)(ii); 4120(a); 3925(a); 907(a), respectively.

APPELLANT WAS CONSTITUTIONAL (*I.E.*, THAT THE MILLCREEK TOWNSHIP POLICE DEPARTMENT HAD REASONABLE SUSPICION AND/OR PROBABLE CAUSE).

WHETHER THE VERDICT GOES AGAINST THE SUFFICIENCY OF THE EVIDENCE BECAUSE THE COMMONWEALTH'S PRIMARY WITNESSES TESTIFIED AND/OR PRESENTED EVIDENCE OF WHAT WAS UNCHARGED CONDUCT INSIDE THE BRANCH OF ERIE BANK, AND THE COMMONWEALTH PRESENTED NO WITNESSES OR EVIDENCE OF THE ALLEGED CONDUCT INSIDE THE BRANCH OF PNC BANK, ESPECIALLY WITH REGARDS TO THE FOLLOWING CHARGES: A) FORGERY (F2)—COUNT ONE; B) ACCESS DEVICE FRAUD (F3)—COUNT TWO; C) RECEIVING STOLEN PROPERTY (F3)—COUNT THREE; D) IDENTITY THEFT (F3)—COUNT FOUR; AND/OR E) INSTRUMENTS OF CRIME (M1)—COUNT FIVE[.]

APPELLANT AVERS AND BELIEVES THAT THE [COURT] ERRED AT TIME OF SENTENCING WHEN THE TRIAL COURT IMPOSED A PERIOD OF INCARCERATION, WHICH WAS AN AGGRAVATED RANGE SENTENCE, AND IMPOSED SUBSEQUENT CONSECUTIVE TERMS OF PROBATION AND/OR SUPERVISION THAT EXCEEDS TEN (10) YEARS, WHICH IS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE AND INCONSISTENT WITH THE OBJECTIVES OF THE SENTENCING CODE. SPECIFICALLY, SECTION 9721(B) OF THE SENTENCING CODE STATES THAT CONFINEMENT SHALL BE CONSISTENT WITH THE PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSE AND THE REHABILITATIVE NEEDS OF THE DEFENDANT. APPELLANT ARGUES THAT THE POLICIES OF SECTION 9721(B) COULD HAVE BEEN ACHIEVED WITHOUT IMPOSING SUCH A LENGTHY MINIMUM AGGREGATE SENTENCE.

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable William R. Cunningham, we conclude Appellant's issues merit no relief. The trial court

opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed August 22, 2017, at 4-13) (finding: **(1)** employees at Erie Bank told Officer Caldwell that African American man wearing tan sports coat and derby-style hat had tried, for second time, to cash savings bonds with identification card that could not be verified; Erie Bank employees told officer that suspect was walking west; Officer Caldwell knew PNC bank was nearby, so he drove there and observed black male with tan sports coat and derby-style hat; Officer Caldwell had reasonable suspicion for investigative detention, approached Appellant, and asked what he was doing; after learning of Appellant's failure to cash savings bonds at Erie Bank and at PNC Bank, officer asked Appellant for his identification, which Appellant produced; when officer attempted to verify it, it came back as white female with different name and address than listed on identification card; officer asked Appellant about savings bonds; Appellant handed one over; officer verified that name and social security number on savings bond belonged to 81-year-old white male resident of Arizona; Appellant then admitted his real identity and claimed he had found savings bonds on top of urinal in restaurant in Chicago; at this point, officer had probable cause to arrest Appellant; court properly denied suppression motion; **(2)** after failed attempts at banks in Ohio and Illinois, Appellant travelled to Pennsylvania to try to cash savings bonds belonging to Arizona resident, Mr. Peele; Appellant secured false identification card in Ohio so he could pass himself off as Mr. Peele; Appellant signed

identification card as Mr. Peele and wrote on and/or signed at least one of savings bonds; no evidence showed Mr. Peele authorized Appellant to write on his savings bonds; Appellant claimed he found savings bonds in bathroom of restaurant in Chicago or near dumpster of restaurant, or in projects of Ohio; whichever version of Appellant's story jury believed demonstrated Appellant knew or had reason to know savings bonds were stolen; Commonwealth presented sufficient evidence to sustain each of Appellant's convictions; **(3)** Appellant challenges excessive nature of his sentence,[2] which does not raise substantial question under circumstances of this case; moreover, court considered Appellant's character, prior record, seriousness of offenses, impact of offenses on Victim, and reviewed pre-sentence investigation report; court stated reasons for sentence imposed on record at time of sentencing; court

---

[2] Appellant filed *pro se* correspondence on May 30, 2017, within ten days of sentencing, stating he wanted to challenge the discretionary aspects of his sentence. The court forwarded the correspondence to counsel, consistent with Pa.R.Crim.P. 576(a)(4) (stating in any case in which defendant is represented by counsel, if defendant submits for filing written motion, notice or document that has not been signed by defendant's attorney, clerk of courts shall accept it for filing and forward copy of time stamped document to defendant's attorney and attorney for Commonwealth within 10 days of receipt). Counsel asserted in Appellant's Pa.R.A.P. 1925(b) statement that the court erroneously denied Appellant's post-sentence motions, but the certified record and docket entries show counsel did not file a post-sentence motion on Appellant's behalf. Consequently, Appellant's discretionary aspects of sentencing issue is waived. *See Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (explaining objections to discretionary aspects of sentence are waived if they are not raised at sentencing hearing or in timely filed post-sentence motion). Even if Appellant had preserved his sentencing challenge, we would agree with the trial court's conclusion that his claim merits no relief.

did not abuse sentencing discretion). Accordingly, we affirm on the basis of the trial court's opinion regarding Appellant's first and second issues. Appellant's third issue on appeal is waived; even if Appellant had preserved this claim, we would affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2018