J-S50026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD BRADON SMITH | : | |
| | : | |
| Appellant | : | No. 171 WDA 2018 |

Appeal from the Judgment of Sentence January 3, 2018
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001771-2016

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:            **FILED NOVEMBER 09, 2018**

Donald Bradon Smith appeals from the judgment of sentence imposed on January 3, 2018, in the Court of Common Pleas of Fayette County following a jury verdict finding him guilty on charges of Involuntary Deviate Sexual Intercourse, Statutory Sexual Assault (11 years older than complainant), two counts of Sexual Assault, and two counts of Aggravated Indecent Assault (complainant less than 16).[1] Smith received an aggregate sentence of nine to eighteen years' incarceration. In this timely appeal, Smith argues only that the evidence was insufficient to support the verdicts. After a thorough review of the submissions by the parties, relevant law, and the certified record we affirm. However, our review of this matter also indicates that Smith was subjected to an illegal sentence pursuant to ***Commonwealth v. Butler***, 173

_____

[1] 18 Pa.C.S. §§ 3123(a)(7), 3122.1(b), 3124.1, and 3125(a)(8), respectively.

A.3d 1212 (Pa. Super. 2017) (determination a defendant is a sexually violent predator by trial court based on clear and convincing evidence is unconstitutional) appeal granted, 2018 Pa. Lexis 3906 (July 31, 2018), when the trial court, *sua sponte*, determined Smith to be a sexually violent predator. Accordingly, we vacate the determination Smith is a sexually violent predator as well as that portion of his sentence requiring he attend monthly counseling sessions for the rest of his life. We remand this matter for a determination of the applicability of the amendments to the law, found at 42 Pa.C.S. § 9799.51 *et seq.*[2]

Due to our resolution of this matter, we need not recite the underlying facts of this matter in detail. At trial, B.N.C., a minor who lived with her mother and resided in the same dwelling as Smith, testified Smith sexually assaulted her in a variety of manners on multiple occasions.

In this timely appeal, Smith claims the evidence presented at trial was insufficient to support his convictions due to the "speculative and unreliable nature" of the testimony of B.N.C. This claim has been waived.

Initially, we note that a challenge to credibility of the evidence is a claim regarding the weight of the evidence, not the sufficiency. This Court has explained:

> This argument goes to the credibility of the witness's testimony, and is, therefore, not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should have been afforded. ***Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa.

---

[2] Title 42, Subchapter I.

- 2 -

Super. 2011) *appeal denied,* 613 Pa. 663, 34 A.3d 828 (2011) (The appellant's "sufficiency" argument directed entirely to the credibility of the Commonwealth's chief witness challenged the weight, not the sufficiency, of the evidence).

*Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013).

Because Smith has made no arguments as to the sufficiency of the evidence of the crimes of which he was convicted, the challenge to the sufficiency of the evidence has been waived for failure to develop the argument.

> The failure to properly develop a claim renders an issue waived. *See* [*Commonwealth v.*] *Williams*, *supra*, 959 A.2d [1252] at 1258 [(Pa. Super. 2008)]; *Commonwealth v. Ellis*, 700 A.2d 948, 957 (Pa. Super. 1997) (holding waiver results if an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief).

*Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017). *See also Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003) (In conducting our review, we consider all of the evidence actually admitted at trial and do not review a diminished record.)[3]

Significantly, Smith never raised a claim regarding the weight of the evidence before the trial court. It is well-settled law that a claim asserting the verdict is against the weight of the evidence and must be raised before the trial court, either orally at sentencing or in a written post-sentence motion. Smith did neither. Therefore, his weight of the evidence claim has also been

---

[3] Nonetheless, we note the trial court cogently addressed the sufficiency of the evidence. *See* Trial Court Opinion at 5-8. We found no error in that discussion.

waived. **See** Pa.R.Crim.P. 607; **Roche**, 153 A.3d at 1071 (Pa. Super. 2017) (challenge to the weight of the evidence must be raised in a timely pre or post-trial motion). Additionally, Smith failed to raise a weight of the evidence claim in his Pa.R.A.P. 1925(b) statement. Claims not raised in a defendant's Pa.R.A.P. 1925(b) statement are waived. **See Commonwealth v. Smith**, 146 A.3d. 257, 262 (Pa. Super. 2016) (issues not included in 1925(b) statement are waived). This provides another basis for our finding of waiver.

Although Smith is not entitled to relief on the sufficiency of the evidence claim he raised, Smith was found, *sua sponte* by the trial court,[4] to be a sexually violent predator (SVP) under a constitutionally infirm law. **Commonwealth v. Muniz,** 164 A.3d 1189 (Pa. 2017) (Sex Offender Registration and Notification Act (SORNA) is punitive in nature) and **Commonwealth v. Butler**, **supra**, combined to make 42 Pa.C.S. § 9799.24(e)(1) unconstitutional. Accordingly, any SVP determination made under that law must be vacated. Along with the SVP determination, Smith was ordered to attend monthly counseling sessions for the rest of his life.

---

[4] At the sentencing hearing, the Commonwealth informed the trial court it would not be proceeding with the SVP determination because of the moratorium due to the uncertainty of the constitutionality of the law. **See** N.T. Sentencing Hearing, 1/3/2018, at 2. Nonetheless, the trial court, without hearing any evidence on the matter, determined D.B.S to be a sexually violent predator. **Id.** at 5.

Because this aspect of his sentence is based exclusively on his SVP status, it too must be vacated.

We recognize that the legislature has enacted 42 Pa.C.S. § 9799.51 *et seq.* (Subchapter I), to replace the constitutionally infirm sections of Subchapter H of Title 42. Accordingly, we remand this matter for determination of the applicability of Subchapter I to this matter.

Judgment of sentence affirmed in part, vacated regarding Smith's SVP status and attendant conditions. This matter is remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/9/2018