**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Antwine GRIFFIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2013.

Filed April 2, 2013.

---

Peter A. Levin, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., GANTMAN, J., and LAZARUS, J.

OPINION BY STEVENS, P.J.

Appellant, Antwine Griffin, challenges a May 21, 2010 judgment of sentence entered in the Court of Common Pleas of Philadelphia County[1] following his conviction for aggravated assault,[2] robbery[3] and criminal conspiracy.[4] We affirm.

After he and a conspirator viciously beat a man with a steel pipe and stole his wallet, Griffin was convicted of the above crimes on March 25, 2010, following a jury trial before the Honorable Denis P. Cohen. He was subsequently sentenced to a standard range sentence of four to eight years' imprisonment for aggravated assault, and a concurrent two to four years' imprisonment each for robbery and conspiracy. The terms of imprisonment were to be followed by five years' probation.[5]

---

1. Although Griffin's Notice of Appeal sets forth the correct date, his appellate brief mistakenly indicates that his sentence was imposed on May 25, 2010.

2. 18 Pa.C.S. § 2702(a)(1).

3. 18 Pa.C.S. § 3701(a)(1)(i).

4. 18 Pa.C.S. § 903.

5. Judge Cohen sentenced Griffin with the benefit of a presentence report.

A *pro se* post-sentence motion for retrial and to reconsider Griffin's sentence was denied, and no direct appeal was filed, but a timely *pro se* petition filed pursuant to the Post Conviction Relief Act resulted in the reinstatement of Griffin's direct appeal rights, *nunc pro tunc*, on the grounds that Griffin's trial counsel had failed to advise him of his right to appeal.

The instant counseled appeal was thus filed, and Griffin has complied with a court directive to file a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal. He now asks us to determine:

> I. Whether the trial court erred in denying the Appellant's post sentence motion in that the sentence imposed was harsh and unreasonable.

> II. Whether the trial court erred in denying the Appellant a new trial because the verdict was against the weight of the evidence.

> III. Whether the trial court erred in denying the Appellant relief because the verdict was contrary to law on the charges of Robbery, Aggravated Assault, and Criminal Conspiracy.

Appellant's brief at 4.[6]

■■■ Appellant's initial allegation relates to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see*

Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super.2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super.2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa.Super.2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super.2010).

Engaging in the four part analysis enunciated in *Evans*, the record clearly reflects that Griffin was granted permission to file a direct appeal *nunc pro tunc*, and has done so in a timely manner. We cannot so easily discern, however, whether the issue

---

**6.** We note that despite the grant of an extension of time, Griffin's appellate brief was filed three days late.

was properly preserved at sentencing or in a motion to reconsider and modify sentence. The sentencing hearing transcript contains no objection from Griffin that the sentence imposed was harsh and unreasonable. N.T. 5/21/10. While it does appear that Griffin filed a motion to reconsider his sentence, as discussed below, we are unable to discern the basis of that request.

■ The docket sheet accompanying the certified record notes that Griffin filed a *pro se* Post–Sentence Motion on June 1, 2010. Griffin's appellate brief indicates that the motion was a "Motion for Retrial and to Reconsider Sentence." Appellant's brief at 7. The motion itself, however, is not contained in the certified record, nor are the two subsequent orders from Judge Cohen noted on the docket sheet denying a "Post–Sentence Motion" on July 19, 2010, and denying a "Motion for Reconsideration" on August 13, 2010.[7] As we noted above, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. *Absent such efforts, an objection to a discretionary aspect of a sentence is waived.*" *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa.Super.2012) (*citing Commonwealth v. Shugars*, 895 A.2d 1270, 1273–74 (Pa.Super.2006) (emphasis added)).

■ It is the responsibility of an appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. *Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa.Super.2006) (en banc). However, if the failure to transmit the entire record is caused by an "extraordinary breakdown in the judicial process," an appellant is entitled to have his or her claims resolved on the merits. *Id.* at 1001. In order to ascertain whether Griffin's sentencing challenge was preserved, we could remand this matter in order for the record to be supplemented to include the omitted post-sentence motion. See Pa.R.A.P. 1926.[8] We find such action unnecessary, however, because Griffin's allegation that his sentence failed to take into account his rehabilitative needs under 42 Pa.C.S.A. § 9721(b) and is thus manifestly excessive entitles him to no relief even if properly preserved via post-sentence motion.[9]

■ There is ample precedent to support a determination that Griffin's allegation fails to raise a substantial question that his sentence is not appropriate under the Sentencing Code. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1228–29 (Pa.Super.2008), appeal denied, 600 Pa. 743, 964 A.2d 893 (2009) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa.Super.2001) (*citing Commonwealth v. Mobley*, 399 Pa.Super. 108, 581 A.2d 949, 952 (1990)) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines); *Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa.Super.1997) (when

---

**7.** Judge Cohen's Rule 1925(a) Opinion acknowledges that Griffin filed a post-sentence motion for retrial and for reconsideration of sentence, but does not indicate that grounds for reconsideration. Pa.R.A.P. 1925(a) Opinion filed 6/27/12 at 2.

**8.** Our informal efforts to secure the motion have been unsuccessful.

**9.** We note that this allegation was raised in Griffin's appellate brief in compliance with Pa.R.A.P. 2119(f). Appellant's brief at 10.

the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); *Commonwealth v. Bershad,* 693 A.2d 1303, 1309 (Pa.Super.1997) (a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question); *Commonwealth v. Lawson,* 437 Pa.Super. 521, 650 A.2d 876, 881 (1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

■■■ Even if we were to determine that Griffin's claim did raise a substantial question, we find no merit to the underlying allegation. As noted above, Judge Cohen had the benefit of a PSI, and sentenced Griffin to a standard range sentence.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> *Commonwealth v. Shugars,* 895 A.2d 1270, 1275 (Pa.Super.2006). In reviewing a sentence on appeal, the appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where

the application of the guidelines would be clearly unreasonable; or

> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.
>
> 42 Pa.C.S.A. § 9781.

*Commonwealth v. Lewis,* 45 A.3d 405, 411 (Pa.Super.2012).

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super.2002), *appeal denied,* 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied,* 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers,* 519 Pa. 88, 101–02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado,* 870 A.2d 362, 368 (Pa.Super.2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz–Centeno,* 447 Pa.Super. 98, 668 A.2d 536 (1995), appeal de-

nied, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Commonwealth v. Moury,* 992 A.2d 162, 171 (Pa.Super.2010).

Here, Judge Cohen explained in his Rule 1925(a) Opinion:

This Court considered everything presented by the defense, the prosecution, as well as the presentence report. (N.T. 5/21/10 at 26–29). This Court imposed a sentence within the standard sentencing guideline range for each conviction: Aggravated Assault: 36–54 +/12 months; Robbery: 12–24 +/12 months; Conspiracy: 22–36 +/12 months. 204 Pa.Code § 303.16; (N.T. 5/21/10 at 4–9).

Moreover, this Court explained that it took into account the defendant's tremendous showing of support from his friends and family and decided to run the sentences for the three crimes concurrently. (N.T. 5/21/10 at 27–29). This Court stated it would normally run the sentences consecutive to each other; therefore, the defendant received a far lower sentence than he would have under other circumstances. *(Id ).* Accordingly, the Court did not err in imposing concurrent standard range sentences. See *Commonwealth v. Smith* [543 Pa. 566], 673 A.2d 893, 895 (Pa.1996) (imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed unless there is a clear abuse of discretion).

Pa.R.A.P. 1925(a) Opinion filed 6/27/12 at 5–6. Based on our review of the record, it is clear that Griffin has failed to establish that Judge Cohen ignored or misapplied the law, exercised his judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Shugars, supra.* Thus, for all of the foregoing reasons, we decline to disturb Griffin's judgment of sentence based on his initial allegation of error.

■ He next asserts that the verdict was against the weight of the evidence. Appellant's brief at 4, 14.

"[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; *Commonwealth v. Priest,* 18 A.3d 1235, 1239 (Pa.Super.2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *Commonwealth v. Sherwood,* 603 Pa. 92, 982 A.2d 483, 494 (2009). *Commonwealth v. Lofton,* 57 A.3d 1270, 1273 (Pa.Super.2012). Here, Griffin did not raise a weight of the evidence claim in a pre-sentence motion, nor did he address the issue orally prior to sentencing. As we noted above, the docket indicates that Griffin filed a post-sentence motion on June 1, 2010, but the record does not contain a copy of that motion. Griffin's brief does not suggest that the motion raised a weight of the evidence allegation, but indicates only that it requested retrial and reconsideration of his sentence. Appellant's brief at 7. Further, Griffin did not preserve a weight of the evidence claim through inclusion in his court-ordered Rule 1925(b) Statement, and thus Judge Cohen's Rule 1925(a) Opinion does not address it. As such, we find this allegation waived for purposes of appeal. *Lofton, supra; Commonwealth v. Priest,* 18 A.3d 1235 (Pa.Super.2011) (Weight of the evidence claim waived for failure to present claim in the lower court, either orally or in writing before sentencing or in a post-sentence motion, and failure to present argument in court-ordered statement, pursuant to Pa.R.Crim.P. 607; Pa.R.A.P. 1925(b)(4)(vii)).

Griffin lastly asserts that "the verdict was contrary to law on the charges of Robbery, Aggravated Assault, and Criminal Conspiracy." Appellant's brief at 4, 17. The argument provided in support of this issue clarifies that Griffin is asserting that the evidence presented at trial was insufficient to support his convictions for these charges. Appellant's brief at 17. The specific challenge made by Griffin, however, is that the evidence was insufficient because Griffin was wrongly identified as the perpetrator of the crimes based on "unbelievable identification testimony" of the victim. *Id.* at 18, 20, 22. This argument goes to the credibility of the witness's testimony, and is, therefore, not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should have been afforded. *Commonwealth v. Palo,* 24 A.3d 1050, 1055 (Pa.Super.2011) *appeal denied,* 613 Pa. 663, 34 A.3d 828 (2011) (The appellant's "sufficiency" argument directed entirely to the credibility of the Commonwealth's chief witness challenged the weight, not the sufficiency, of the evidence). As we noted above, Griffin failed to raise before the trial court a challenge to the weight of the evidence, and further failed to include it in his Rule 1925(b) Statement, and has, therefore, waived it for purposes of appeal. *Lofton, supra; Priest, supra; Palo, supra.*

For the forgoing reasons, we affirm Griffin's judgment of sentence.

Affirmed.

GANTMAN, J. CONCURS IN RESULT.