J-S39005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM FOREMAN, | |
| Appellant | No. 2640 EDA 2013 |

Appeal from the Judgment of Sentence August 19, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006030-2013

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 23, 2015**

William Foreman appeals from the judgment of sentence of one year probation that the trial court imposed after it adjudicated Appellant guilty of one count each of possession of an instrument of crime and terroristic threats.  As the issue raised herein is waived, we affirm.

On January 11, 2013, the victim, Raymond Willis, was walking along Ogontz Avenue in Philadelphia.  He was crossing the entrance to a gas station when Appellant, who was driving a tan Nissan Altima, stopped his car, rolled down the window, and told Mr. Willis to walk faster.  When Mr. Willis responded that he could walk at his any pace he chose, Appellant entered the gas station, stopped next to a gas pump, and pointed a gun at the victim through the windshield of his car.  Appellant then exited his car

and approached the victim, telling him to walk. After a short verbal confrontation, Mr. Willis walked across the street and telephoned the police from a store telephone. Mr. Willis described the handgun to police.

Shortly thereafter, Philadelphia Police Officer Patrick Balasa stopped Appellant about two blocks from the gas station. Appellant complied with Officer Balasa's demand that he exit his Nissan and display his hands. The officer asked Appellant if he had a gun in the car, and Appellant responded that he had a firearm in the center console. Officer Balasa recovered a .40 caliber Glock from that location. Appellant had permit to carry the weapon.

At trial, Appellant denied that he displayed the gun and described a verbal confrontation between himself and Mr. Willis that differed from that of the victim. The trial court rejected Appellant's version of events, accepted that of Mr. Willis, and found Appellant guilty of possession of an instrument of crime and terroristic threats. This appeal followed imposition of the one-year probationary term.

Appellant raises this contention for our review: "The trial court committed an abuse of discretion by indicating in its opinion that Appellant's claim alleging that the verdicts were against the weight of the evidence because the [victim's] testimony was replete with inconsistencies and contradictions such that the verdicts [sh]ock the conscience." Appellant's brief at 2. Our review of the record reveals that Appellant failed to raise a weight claim at trial, and he did not file a post-sentence motion. In his

- 2 -

Pa.R.A.P. 1925(b) statement, Appellant included the averment now raised in this appeal so that the trial court addressed it.

It is settled, "A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver[.]" **Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa.Super. 2013); Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."). Even if a weight claim was presented in a Pa.R.A.P. 1925(b) statement and addressed by the trial court, it remains waived for purposes of appeal. **Griffin**, **supra**. As Appellant's issue is waived, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015