J-S42027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GORDON FRENCH | |
| Appellant | No. 1554 WDA 2015 |

Appeal from the Order September 11, 2015
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-MD-0000085-2015

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED JUNE 09, 2016**

Gordon French appeals from the order entered on September 11, 2015 in the Potter County Court of Common Pleas, which found him in indirect criminal contempt of a prior Protection From Abuse ("PFA") order[1] and sentenced him to three months' of probation, with appropriate fees, and to pay a $300 fine with court costs. For the reasons set forth below, we affirm the order.

French's sole issue is a claim the verdict is against the sufficiency of the evidence. However, the substance of his argument is that the Commonwealth's evidence was not credible. **See** French's Brief at 6-12. A

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 23 Pa.C.S. § 6114.

challenge to the credibility of evidence represents a claim that the verdict was against the weight of the evidence. *See Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013) (argument directed to credibility challenges weight, not sufficiency of evidence).

A challenge to the weight of the evidence must be preserved before the trial court in accordance with the Pennsylvania Rules of Criminal Procedure.[2] Here, counsel failed to properly preserve the issue before the trial court.[3]

_____

[2] A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

    (1) orally, on the record, at any time before sentencing;

    (2) by written motion at any time before sentencing; or

    (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

[3] Even if we overlooked this deficiency, we would still be compelled to affirm the order. The trial Court found:

> [T]he Order was definite and specific that [French] would have no contact with [Saunders], but for inadvertent contact. [French] acknowledges that he knew of the Order. Also, the actions of [French] were undeniably intentional in that he approached [Saunders] at her work station and remained there for 10-20 minutes. Finally, [French] acted with wrongful intent in an attempt to convince [Saunders] to withdraw the Protection from Abuse Order and the criminal charges; and to inquire of her romantic involvement with another gentleman.

Trial Court Opinion, 11/23/2015 at 4-5. As to the weight of the evidence, the trial court stated: "Due to the clear discrepancies and inconsistencies in
*(Footnote Continued Next Page)*

Because French failed to preserve the issues claimed on appeal, we affirm the trial court's finding of indirect criminal contempt.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/9/2016

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[French]'s testimony, the Court finds that [French] is not a credible witness. The Court also finds [Saunders] to be credible." Trial Court Opinion, 11/23/2015 at 3.