J-A27042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2269 EDA 2017 |
| MARCUS  PHILPOT, | : | |
| | : | |
| Appellee | | |

Appeal from the Judgment of Sentence Entered June 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010183-2015

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 05, 2019**

The Commonwealth appeals from the judgment of sentence entered against Marcus Philpot. It maintains that the trial court abused its discretion when it sentenced Philpot to 11½ to 23 months' incarceration with immediate parole for his third robbery conviction. We affirm because the Commonwealth failed to preserve this issue for appellate review.

On March 24, 2016, Philpot pled guilty to robbery, firearms not to be carried without a license, and persons not to possess, use, manufacture, control, sell or transfer firearms.[1] The facts giving rise to these charges are as follows. On January 5, 2013, Philpot approached a 21 year old college student and pointed a gun at him. He threatened the victim and proceeded to take his

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii); 6106(a)(1); 6105(a)(1).

cell phone and other items. The victim was able to track the location of his phone using an application downloaded on his phone. This application led officers to a location where they found another individual in the basement surrounding by guns. While officers were serving their warrant, Philpot walked in wearing the same articles of clothing that he wore when he robbed the victim. Philpot confessed to the crime. N.T., Guilty Plea Hearing, 3/24/15, at 4-5.

At the sentencing hearing, the Commonwealth reiterated the facts of the case to the court, including that Philpot committed the robbery with a firearm and took $100 from the victim. N.T., Sentencing, 6/22/17, at 4. It informed the court that "[Philpot] ha[d] a prior adjudication of delinquency for a PWID[2], as well as an adjudication for delinquency for an F-2 robbery." *Id.* at 5. Additionally, it noted that at the time he committed the crime herein, he was "on supervision in the juvenile courts at the age of 18" for a previous F-1 robbery which resulted in an adjudication of delinquency. *Id.* The Commonwealth requested that the court impose the guideline sentence of 78 to 90 months' plus or minus 12 months.[3] *Id.* at 16. Defense counsel argued that the court should deviate from the Sentencing Guidelines because of "[Philpot's] strong family support." *Id.* at 6. Philpot admitted to the court that

_____

[2] Possession with Intent to Deliver a Controlled Substance, 35 P.S. § 780-113(a)(30).

[3] The parties agreed that Philpot's prior record score was 5 and the Sentencing Guidelines called for a sentence of 78 to 90 months' plus or minus 12 months. N.T., Sentencing, 6/22/17, at 3.

he committed the robbery armed with a firearm and stated that he made a "terrible mistake." *Id.* at 8, 10. After hearing from both parties, the trial court stated the following before imposing its sentence:

> Okay. I'll deviate from the guidelines. And I understand he has a criminal background. I understand that.
>
> I don't know if the juvenile system has failed and not given him the right support, but I see strong family support here. Now, he can make one more mistake in life, and that will be with me.
>
> And he'll be on my probation if he makes one more – family, understand that, he goes to state. He's 21 years old. I don't know why you take somebody['s] cell phone. They sell them for eight dollars, 10 dollars.
>
> I don't understand that at all. *He didn't rob the guy and take the money*. A true robber goes into your pockets, and say, they take your jewelry, they take your rings, they do all that. They take your watch, whatever.
>
> He's 21 years old. So I can either put him away and corrupt him even more, and he becomes a criminal, or I can try to rehabilitate this guy. Now, I think I can work with this guy.
>
> \*\*\*
>
> So, we work with him and give him another shot. He's 21 years old. I don't have time to fill up the prisons with young people like him. I'm after those guys – the murderers, the rapists, *the gunpoint robbers*.

*Id.* at 16-17 (emphasis added). The Commonwealth failed to object to the court's characterization of the facts of the case, particularly that the case involved a gunpoint robbery. The trial court imposed a sentence of 11½ to 23 months' incarceration, followed by 8 years of probation with immediate parole. The Commonwealth did not object that the sentence was grossly below the

recommended guidelines and presented no rebuttal. It also did not file a post-sentence motion and instead filed this timely appeal.

On appeal, the Commonwealth raises one issue:

I.     Did the [trial] court abuse its discretion by sentencing [Philpot] to an aggregate term of 11½ to 23 months' incarceration, with immediate parole, where [Philpot] committed his third robbery in five years, and was on probation for armed robbery at the time of his most recent offense?

Commonwealth's Br. at 4.

The Commonwealth challenges the discretionary aspects of the sentence imposed. Before addressing the merits of such a challenge, we must determine whether: (1) the appeal is timely; (2) the issue was preserved; (3) the brief includes a Pa.R.A.P. 2119(f) statement; and (4) a substantial question is raised. *See Commonwealth v. Edwards*, 194 A.3d 625, 636 (Pa.Super. 2018).

Here, the Commonwealth's appeal is timely. However, it did not preserve the issue presented to this Court. A challenge to the discretionary aspects of sentence must be preserved either at the sentencing hearing or in a post-sentence motion. *See Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) ("objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed"). The Commonwealth failed to raise any issue it had with the imposed sentence at the sentencing hearing and also failed to file a post-sentence motion, thereby waiving any appellate review of the issue.

- 4 -

The Commonwealth maintains that it was not required to file a post-sentence motion under Rule 721(A)(1) of the Pennsylvania Rules of Criminal Procedure. Specifically, it maintains "no motion was necessary because the Commonwealth filed its appeal within 30 days of the judgment of sentence." Commonwealth's Reply Br. at 2-3.

Pennsylvania Rule of Criminal Procedure 721 provides:

(A) Commonwealth Challenges to Sentence

1. The Commonwealth may challenge a sentence by filing a motion to modify sentence, by filing an appeal on a **preserved issue**, or by filling a motion to modify sentence followed by an appeal.

Pa.R.Crim.P. 721(A)(1). Thus, the Commonwealth may challenge a sentence by filing an appeal as it did here, but it must file an appeal on a "preserved issue." Furthermore, only "[s]entencing issues raised by the Commonwealth *at the sentencing proceeding*," are preserved for appellate review. Pa.R.Crim.P. 721(A)(2) (emphasis added).[4] The Commonwealth did not argue at the sentencing hearing, as it does on appeal, that the sentence imposed was "a massive departure from the [S]entencing [G]uidelines." Commonwealth's Br. at 11. It failed to even correct the facts that the court used to support its sentence, *i.e.* that this was not a gunpoint robbery and Philpot did not take money from the complainant. Therefore, the

---

[4] "Sentencing issues raised by the Commonwealth at the sentencing proceeding shall be deemed preserved for appeal whether or not the Commonwealth elects to file a motion to modify sentence on those issues." Pa.R.Crim.P. 721(A)(2).

Commonwealth has waived any review of the sentence imposed. ***See*** Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). We are thus constrained to affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/19