J-S02006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB MARTIN CASSELL, JR. | : | |
| | : | |
| Appellant | : | No. 470 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000162-2018

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 11, 2020**

Jacob Martin Cassell, Jr., appeals from the judgment of sentence of an aggregate term of 8½ to 17 years' incarceration, imposed after he was convicted by a jury of several firearm offenses.  Appellant solely challenges the weight of the evidence to support his convictions.  We affirm.

At Appellant's trial on January 28, 2019, Pennsylvania State Trooper William Dubbs testified that on February 7, 2017, he received information from a confidential informant (CI) that Appellant had a handgun he wanted to sell. N.T. Trial, 1/28/19, at 20, 22.  In the presence of the trooper, the CI contacted Appellant, who agreed to sell the gun for $100.  *Id.* at 23.  Appellant directed the CI to park at the bottom of "a long driveway" on Sugar Run Road, and to wait there for Appellant.  *Id.*  After searching the CI for contraband, Trooper Dubbs drove the CI in an unmarked police vehicle to that location.  *Id.* at 22-23, 24.  They arrived at approximately 2:45 p.m.  *Id.* at 24.

Trooper Dubbs testified that he observed Appellant for approximately "a minute or so" as Appellant walked down the driveway toward the trooper's vehicle. *Id.* at 25. Appellant got into the back seat of the car and after the CI handed Appellant $100, Appellant gave the trooper "a gray T-shirt," and "said the gun was inside." *Id.* Appellant explained that he had "wiped [the gun] clean" because "[h]e didn't want his fingerprints on it." *Id.* at 26. Trooper Dubbs unwrapped the shirt and confirmed that a handgun was inside. *Id.* Appellant then "exited [the trooper's] car and … walked up the dirt driveway that he had just walked down." *Id.* Trooper Dubbs testified that in total, Appellant was inside his vehicle for "[t]wo to three minutes." *Id.* The trooper identified Appellant in court as the person who sold the gun on February 7, 2017. *Id.* at 28.

Appellant testified on his own behalf at trial. He denied selling the gun to Trooper Dubbs, claiming that he was with his grandparents and niece at his grandparents' house at the time of the sale. *Id.* at 58-59. He did not present any other witness(es) to corroborate his testimony.

At the close of trial, the jury convicted Appellant of possession of a firearm with an altered or manufactured serial number, 18 Pa.C.S. § 6110.2(a); possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105(a)(1); carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1); and unlawful sale or transfer of a firearm, 18 Pa.C.S. § 6111(g)(1). On March 7, 2019, the court sentenced Appellant to the aggregate term stated *supra*. He filed a timely notice of appeal, and he also complied with the trial court's

order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on August 30, 2019. Herein, Appellant states the following issue for our review: "Did the trial court properly exercise its discretion in reviewing the challenge to the weight of the evidence[?]" Appellant's Brief at 2.

Initially, to properly preserve a challenge to the weight of the evidence, the appellant must raise that claim before the trial court. *See* Pa.R.Crim.P. 607(A) (stating that a claim that verdict was against weight of evidence must be raised before trial court orally or in a written motion prior to sentencing, or in a post-sentence motion). Presently, Appellant did not file a post-sentence motion raising his weight issue, and he fails to point to where in the record he preserved it prior to sentencing. *See* Pa.R.A.P. 2119(e) (directing that the appellant must set forth in the argument portion of his brief where in the record he preserved the issue before the trial court). Consequently, Appellant's issue is waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (finding a weight-of-the-evidence claim waived where the appellant failed to raise it in a pre-sentence motion, did not address the issue orally prior to sentencing, and did not raise it in a post-sentence motion).

Notwithstanding waiver, Appellant's cursory argument would fail to convince us that the court erred in rejecting his challenge to the weight of the evidence.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion;

- 3 -

it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, the trial court found that the jury's verdict did not shock its conscience. *See* Trial Court Opinion, 8/30/19, at 2 (unnumbered). The court noted that Trooper Dubbs had testified that he was present during the sale of the gun, and he identified Appellant as the person who sold it. *Id.* at 1-2. While Appellant denied selling the weapon, the jury was free to believe the trooper's testimony rather than Appellant's. *Id.* Thus, the court rejected Appellant's weight-of-the-evidence claim.

In challenging the court's decision on appeal, Appellant contends:

[W]hat we have here is essentially a tie vote. One side says "yea[,"] the other "nay." The jury essentially choss [*sic*] one over the other and the [trial court] said the choice is not crazy. But that does not make it right. It may produce finality and certainty, but not justice.

Appellant's Brief at 6. Appellant's cursory and legally unsupported argument does not demonstrate that the trial court abused its discretion in concluding that the jury's verdict was not shocking to its conscience. Therefore, even had Appellant preserved his issue for our review, we would deem it meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/11/2020</u>