J-S19007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM MICHAEL CLARKE | : | |
| | : | |
| Appellant | : | No. 1175 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001690-2019

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 15, 2021**

Appellant, William Michael Clark, appeals from the October 6, 2020 Judgment of Sentence of 36 to 72 years' incarceration entered after he pled guilty to two counts of Rape of a Child and one count of Incest.[1]  Appellant challenges the discretionary aspects of his sentence and contends that the court's use of his 1999 felony juvenile adjudication in calculating his prior record score ("PRS"), as provided in the sentencing guidelines, resulted in an excessive sentence that deprived him of his Eighth Amendment right to be free of excessive punishment.  After careful review, we affirm.

The facts and procedural history are as follows.  The Commonwealth charged Appellant with numerous offenses arising from allegations that he had

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S §§ 3121(c) and 4302(b)(1), respectively.

sexually abused his daughters on many occasions over a nine-month period. Appellant's victims were, at the relevant time, between the ages of 12 and 14. On March 4, 2020, Appellant entered a guilty plea to the above charges in exchange for which the Commonwealth *nolle prossed* the remaining charges.[2]

The trial court deferred sentencing pending preparation of a Post-Sentence Investigation ("PSI") Report and an evaluation by the Sexual Offenders Assessment Board.

On October 6, 2020, the trial court held Appellant's sentencing hearing. Relevant to this appeal, the Commonwealth argued at the hearing that, as a result of Appellant's 1999 adjudication of delinquency for Aggravated Indecent Assault, 18 Pa.C.S. § 3125(a)(7), a second-degree felony committed when he was 14 years, 11 months of age, Appellant had a PRS of 4. Appellant's counsel objected to the use of Appellant's juvenile adjudication in calculating Appellant's PRS and argued that Appellant had a PRS of zero.[3] The court disagreed with both Appellant and the Commonwealth, and, "count[ing] the

---

[2] As part of Appellant's plea agreement, the Commonwealth also agreed to *nolle pros* charges against Appellant related to sexual abuse of Appellant's son and charges against Appellant's wife, each filed at separate docket numbers.

[3] In particular, counsel objected because he did not have access to Appellant's juvenile records and because "[t]he date is very close to his 15th birthday, within nine days according to the PSI" so he could not agree without seeing the records "that there's a juvenile record that's going to count here." N.T., 10/6/20, at 27.

[prior] felony as a two-point felony[,]" found that Appellant had a PRS of 2.[4]

N.T. Sentencing, 10/6/20, at 27.

At the conclusion of the hearing,[5] the trial court sentenced Appellant to 36 to 72 years' imprisonment,[6,7] noting its consideration of the relevant sentencing factors and its reasons for imposing consecutive sentences. *Id.* at 37-43. After the court imposed its sentence, Appellant did not assert that the court had abused its discretion, and Appellant did not subsequently file a Post-Sentence Motion.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

---

[4] The court subsequently noted in its Pa.R.A.P. 1925(a) Opinion that, because Aggravated Indecent Assault is a crime of violence defined under 42 Pa.C.S. § 9714(g), it is a 4-point offense for purposes of calculating a PRS. *See* Trial Ct. Op., 1/4/21, at 5 n.1 ((citing 204 Pa. Code 303.7(a)(1) (explaining that 4-point offenses include "[a]ll other completed crimes of violence, as defined in 42 Pa.C.S. § 9714(g)[.]")).

[5] The sentencing court also considered testimony and evidence pertaining to Appellant's status as a sexually violent predator.

[6] In particular, the court imposed two consecutive 18 to 36 year sentences for Appellant's Rape of a Child convictions and a concurrent 2 to 4 year sentence for his Incest conviction. The court noted that "the minimum sentence for [Appellant's Rape] offenses falls within the [] statutory range of the guidelines, no matter what the [PRS] was." N.T. at 43.

[7] The court also deemed Appellant a sexually violent predator and conducted Appellant's SORNA colloquy, confirming that Appellant was aware of the requirement that he, *inter alia*, register for his lifetime as a sex offender as a consequence of his convictions.

I. Whether the use of Appellant's juvenile adjudication when calculating his [PRS] violates the Eighth Amendment to the United States Constitution as incorporated by the Fourteenth Amendment of the Pennsylvania Constitution?

II. Whether the trial court erred by imposing a manifestly excessive sentence on Appellant and failing to make the required considerations on [the] record during sentencing?

Appellant's Brief at 7.

In his first issue, Appellant asserts that 204 Pa. Code § 303.6, which authorizes consideration of a defendant's prior adjudications of delinquency in calculating his PRS, is unconstitutional as applied to him.

Appellant's "as-applied" constitutional challenge presents a question of law; our standard of review is, therefore, *de novo*, and our scope of review plenary. ***Commonwealth v. Muhammad***, 241 A.3d 1149, 1154-55 (Pa. Super. 2020).

With respect to prior juvenile adjudications, Section 303.6 provides, in relevant part:

(a) *Juvenile adjudication criteria*. Prior juvenile adjudications are counted in the Prior Record Score when the following criteria are met:

(1) The juvenile offense occurred on or after the offender's 14th birthday, and

(2) There was an express finding by the juvenile court that the adjudication was for a felony or one of the offenses listed in § 303.7(a)(4).

204 Pa.Code § 303.6(a). Section 303.6 is clear that prior juvenile adjudications for four-point offenses listed in 204 Pa. Code § 303.7(a)(1), including Aggravated Indecent Assault, **shall always** be included in a

defendants PRS if the criteria in subsection (a) are met. *Id.* at §§ 303.6(c), 303.7(a)(1) (including Aggravated Indecent Assault in the definition of a 4-point "crime of violence"). Stated another way, a juvenile adjudication for Aggravated Indecent Assault does not lapse for purposes of calculating the PRS.

Appellant argues that Section 303.6 as applied deprived him of his Eighth Amendment right to be free of excessive punishment. He contends that Section 303.6 fails to account for: (1) the diminished culpability and individual circumstance of juvenile offenders; ( 2) fundamental differences in the juvenile and criminal justice systems; and (3) the fact that 36-year-old Appellant had been "essentially crime free" since his 1999 adjudication of delinquency.[8] *Id.* at 17-24. Based on precedential case law, Appellant's argument garners no relief.

In ***Commonwealth v. Bonner***, 135 A.3d 592 (Pa. Super. 2016), this Court addressed a similar challenge to the constitutionality of Section 303.6(a). *Id.* at 597-603. Seeking a categorical ban on the consideration of a defendant's juvenile adjudications in calculating his PRS, the defendant in ***Bonner*** asserted that this practice violated the Eighth Amendment

---

[8] Appellant does not dispute that he committed the offense of second-degree felony Aggravated Indecent Assault after his 14th birthday and that, therefore, this prior juvenile adjudication was properly counted in his PRS pursuant to 204 Pa. Code §§ 303.6(a).

proportionality[9] mandate because the sentencing guidelines failed "to account for a youthful defendant's diminished culpability" and "to consider philosophical differences between the juvenile justice system and the criminal justice system[.]" *Id.* at 598. Reasoning that the defendant was "being held to account for conduct and choices he made as an adult with full knowledge of the nature and scope of his own criminal past, including juvenile adjudications[,]" and that "the sentencing guidelines attempt to ensure that a defendant knows the prior juvenile adjudications that will be used during subsequent adult sentencing proceedings by limiting such use to those committed after he turned 14" the *Bonner* court concluded that the inclusion of juvenile adjudications in the calculation of a PRS does not violate the Eighth Amendment. *Id.* at 601, 603. The *Bonner* Court also acknowledged the differences between the juvenile justice and criminal justice systems and held that, because, as here, the defendant committed the instant offenses while an adult, the criminal justice system's purposes—including recidivism reduction by imposing harsher punishments upon offenders who have previously committed crimes—control. *Id.* at 601. Appellant has not discussed *Bonner* in his Brief, nor has he explained how this binding precedent does not apply instantly.

---

[9] "Proportionality" is the constitutional precept, central to the Eighth Amendment's prohibition on excessive bail, excessive fines, and the imposition of cruel and unusual punishment, that "punishment for crime should be graduated and proportioned to the offense. *Bonner*, 135 A.3d at 597 (quoting *Graham v. Florida*, 560 U.S. 48, 59 (2010)).

As **Bonner** makes clear, it was constitutional for the trial court to consider Appellant's juvenile adjudication for Aggravated Indecent Assault when calculating Appellant's PRS. Since Appellant's adjudications satisfied the criteria of Section 303.6, the trial court was, as a matter of law, required to include Appellant's prior juvenile adjudication when calculating his PRS. Appellant is, therefore, not entitled to relief on this claim.

In his second issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 24-29. Challenges to the discretionary aspects of sentence are not appealable as of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant must invoke this Court's jurisdiction by, *inter alia*, preserving a challenge at sentencing or in a post-sentence motion. **Id.** "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013).

Here, Appellant did not preserve his issues at his sentencing hearing or thereafter in a post-sentence motion. Accordingly, he has waived any challenge to discretionary aspects of his sentence. **See Leatherby**, **supra** at 83; **Griffin, supra** at 935.

In conclusion, because **Bonner** is dispositive of Appellant's "as-applied" constitutional challenge to the consideration of his prior juvenile adjudication in calculating his PRS, and because Appellant did not properly preserve a

challenge to the discretionary aspects of his sentence, Appellant is not entitled to relief. Accordingly, we affirm his Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2021