J-S20022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIERRA MICHELLE LONG | : | |
| | : | |
| Appellant | : | No. 1478 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2024
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000430-2024

BEFORE:    OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: JULY 23, 2025**

Sierra Michelle Long ("Long") appeals from the judgment of sentence imposed following her guilty plea to endangering welfare of children.[1]  We affirm.

The trial court set forth a detailed discussion of the underlying facts, which Long does not dispute.  The court stated:[2]

> On January 10, 2024, Pennsylvania State Police responded to a call from Long's [sixteen]-year-old son, . . . that he was increasingly concerned with his mother's (Long's) methamphetamine use while his siblings were in the home.  Long has five children, one of which was [previously] removed from the home by his biological father[.]  The remaining four children — ages [sixteen, eight, three, and one] — as well as Long's mother, were living in the house at the time [of the call.]

---

[1] **See** 18 Pa.C.S.A § 4304(a)(1).

[2] For ease of discussion, we have replaced the trial court opinion's references to "Defendant" with "Long."

Upon arrival at the home, State Police found several dangerous items openly throughout the residence: [six] glass smoking devices, [two] glass containers with white residue, [two] clear bags with white residue, [two] scales, [one] clear bag with numerous small glass vials, [one] clear plastic case with numerous glass vials, and one glass vial containing methamphetamine and a scooper. Two of Long's young children were . . . in the room where drugs and paraphernalia were found.

The interior of the house also reflected Long's drug abuse; dirty dishes, food scraps, clothes and other trash were found throughout the house, including in the bedroom shared by Long's daughters, aged [three] and [eight]. A blanket was found lying on the stovetop and cigarette butts and ashes were easily within reach of the young children throughout the house. Upon arrival by the State Police, Long's [one]-year-old son was in a wet crib wearing a soiled diaper[.] The pervasive presence of methamphetamine and related paraphernalia throughout the house — together with the countless other safety concerns uncovered therein — indicate[d] Long's blatant disregard for the well-being of her four children that resided with her.

. . . Long reportedly [took her sixteen-year-old] son with her when she [delivered] illegal drugs to customers[.] Long would smoke [methamphetamine] and allow others to smoke [methamphetamine] while her children were in the backseat.

Trial Court Opinion, 11/22/24, at 2-4 (paragraph breaks added and record citations omitted).

The trial court also reviewed in detail the numerous, serious health and emotional issues suffered by each child. "All four of [the] children have . . . been removed from the home[ and] have reportedly been thriving since being removed[.]" *Id*. at 5.

The Commonwealth charged Long with a total fourteen counts, including four counts of endangering welfare of children, four counts of recklessly endangering another person, and drug charges.

- 2 -

Long entered into a plea agreement, and on July 19, 2024, pleaded guilty to one count of endangering welfare of children. There was no agreement as to sentencing. We note the statutory maximum for Long's conviction, a felony of the third degree, is seven years.

On September 9, 2024, the trial court imposed a sentence of eighteen months to seven years' imprisonment, and deemed Long eligible for the state drug treatment program. The Commonwealth requested, and the trial court granted, a no-contact order with the children.

The Commonwealth filed a timely post-sentence motion, now objecting to the state drug treatment program on the following grounds: (1) the length of the state drug treatment program is twenty-four months; (2) under 61 Pa.C.S.A. § 4105(b), upon a defendant's completion of the program, their entire term of **confinement** "shall be deemed to have been served;" thus (3) if Long were to complete the state drug treatment program, the remainder of her seven-year maximum sentence would be eliminated, including the no-contact condition. Commonwealth's Post Sentence Motion, 9/17/24, at 2 (*quoting* 61 Pa.C.S.A. § 4105(b)(5)). The Commonwealth sought to maintain the no-contact order, to ensure the children's safety and well-being, by requesting a "maximum supervision tail." **Id**.

The trial court granted reconsideration and conducted a hearing ("resentencing hearing") on September 27, 2024. The Commonwealth reiterated its position. Long did not dispute the Commonwealth's rationale —

that completion of the state drug treatment program would result in her essentially completing her entire sentence notwithstanding any remaining imprisonment time. Long argued: "To say now we need this [probation] tail so that we can watch [her] for even longer is simply punishment for the sake of punishment[,] and ignores her rehabilitative needs."[3] N.T., 9/27/24, at 9. Long further averred that the no-contact order, for seven years, was similarly "punishment for the sake of punishment." *Id*. at 15. Long reasoned that the children were currently in the children and youth agency's care, and the agency could pursue "other avenues [for] no contact," including the termination of her parental rights. *Id*. at 8-9. Long thus requested the trial court to uphold the original sentence. *See id*. at 9.

The Commonwealth responded the no-contact order would be "based squarely on her conduct that protects the children going forward. [T]his was horrendous conduct that put the lives of the children at risk." *Id*. at 17.

The trial court granted the Commonwealth's requested relief and vacated the sentence. The court specified it wished to keep Long in the drug treatment program, while also considering the protection of the public and the children. It imposed an amended sentence to "strike [this] balance:" eighteen

---

[3] Long also claimed she may not ultimately be eligible for the state drug treatment program, where the Department of Corrections has "discretion." N.T., 9/27/24, at 9, 11. The trial court rejected this contention, citing 61 Pa.C.S.A. 4104, and reasoning that the court's finding of her eligibility all but ensures her enrollment in the state drug treatment program.

months to three years' imprisonment, to be followed by four years' probation. The court maintained Long's eligibility for the state drug treatment program and the no contact order with the children.

Long did not file a post-sentence motion, but filed a timely notice of appeal. At the trial court's direction, she filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Long presents two issues for our review:

1. Whether the trial court abused its discretion in imposing a sentence including a period of supervision resulting in [Long's] period of supervision up to the statutory maximum.

2. Whether the trial court abused its discretion in examining [Long's] rehabilitative needs when imposing its sentence [*sic*].

Long's Brief at 8.

Preliminarily, we observe that Long addresses two issues, in addition to the above. First, she avers the Commonwealth's challenge to her original sentence was untimely, where it did not object at the original sentencing hearing. Second, Long asserts the trial court abused its discretion in including a no contact provision.

We observe that Long raised both issues at the resentencing hearing. *See* N.T., 9/27/24, at 7, 15-16, 18. However, she did not include them in her court-ordered Rule 1925(b) statement.[4] Thus, we deem she has waived them

_____

[4] The issues in Long's Rule 1925(b) statement were, verbatim:

*(Footnote Continued Next Page)*

for our review. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the Rule 1925(b) statement are waived).

Long addresses her remaining issues together. First, although she does not use the term, "mitigating factors," Long alleges her life has been traumatic "from a young age," and she has endured placements in foster care and group homes, a sexual assault that resulted in the birth of her first child, "divorce," a 2023 fire "that destroyed the family home," and the 2024 death of her father, and significant addiction issues. Long's Brief at 14-15. Long then avers that under the sentencing guidelines, her "sentence could have been served in a county facility." ***Id***. at 14-15.

Second, Long asserts her sentence was above the sentencing guidelines, and thus "[t]he next question is whether the sentence was unreasonable." ***Id***. at 15 (*citing* 42 Pa.C.S.A. § 9781(c)(3) (providing "[t]he appellate court shall vacate the sentence and remand the case" if "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable")). Long contends: (1) the children have been removed from her care pursuant to a

---

a. Whether the trial court's sentence including a period of supervision up to the statutory maximum was excessive and improper under sentencing statutes[.]

b. Whether the trial court failed to adequately take [Long's] rehabilitative needs into consideration when imposing sentence[.]

Concise Statement of Matters Complained of on Appeal, 10/30/24.

dependency action; (2) "[t]he chances of her committing another crime of his nature were unlikely;" and (3) "total confinement was . . . appropriate . . . in that she clearly needed treatment for substance abuse . . . and trauma." *Id*. at 15-16. Long also claims the trial court failed to consider her rehabilitate needs.

Third, Long avers the amended sentence "ensure[d] the statutory maximum was maintained in some form, [and] disregarded the statutory factors . . . in favor of meting out a punishment for punishment's sake." *Id*. at 15-16. To this end, Long also claims that because she fell "short of societal expectations" of a mother, regardless of her "addiction issues" and "past traumas," the Commonwealth "likely" sought "the maximum sentence at all costs." *Id.* at 17-18.

Long's claims go to the discretionary aspects of sentencing. This Court has explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (some citations omitted). This Court has held that when a trial court has granted reconsideration of a sentence and imposed an amended judgment of sentence, a defendant's failure to file a new motion for reconsideration from the amended sentence may result in waiver. *See Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa. Super. 2013).

As stated above, Long has filed a timely notice of appeal. However, at the resentencing hearing, she did not argue mitigating factors or request a county sentence, nor did she file any post-sentence. Thus, she has waived these two discrete issues for our review. *See* Pa.R.Crim.P. 720; *see also Levy*, 83 A.3d at 467; *Griffin*, 65 A.3d at 938.

Next, we consider Long's challenge to the imposition of the statutory maximum sentence, and/or a sentence above the sentencing guidelines. Long ignores that at the resentencing hearing, she requested the initial sentence — an all-imprisonment term of eighteen months to the statutory maximum of seven years — to remain intact. Thus, Long has also waived this argument. *See* Pa.R.Crim.P. 720; *see also Griffin*, 65 A.3d at 938.

Finally, we consider Long's claims that the trial court failed to consider her rehabilitative needs, and imposed a sentence solely for the sake of punishment. Long made these arguments at the resentencing hearing. Her

Rule 1925(b) statement explicitly averred the trial court failed to consider her rehabilitative needs. We deem this issue may also fairly include a claim that the court imposed punishment solely for the sake of punishment. Additionally, she has included a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for the allowance of appeal.

We note that a claim, that the trial court's "failure to account for rehabilitative needs resulted in excessive sentence[,] raises [a] substantial question." *Commonwealth v. Rosario*, 248 A.3d 599, 613 (Pa. Super. 2021) (citation omitted). Additionally, "an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. super. 2009) (citation omitted). Under these principles, we similarly determine Long's claim, that the trial court based its sentence solely on punishment's sake, raises a substantial question. Thus, we determine Long has properly invoked our jurisdiction as to these issues. *See Griffin*, 65 A.3d at 938.

We consider the applicable standard of review:

We review a sentencing court's determination for an abuse of discretion. "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.

- 9 -

*Commonwealth v. Ventura*, 975 A.2d 1128, 1133-34 (Pa. Super. 2009)

(citations omitted). In imposing sentence, a court shall consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Here, the trial court considered Long's background:

> [Long,] now [thirty-seven]-years-old, was likely a victim of many of the same trappings that she would eventually expose her children to. Long's childhood was reportedly shaped by placements in foster care and group homes, a sexual assault that resulted in the birth of her first child, and her own parent[s'] divorce. Long reportedly began using drugs off and on since she was [eighteen]-years-old, starting with cocaine before moving on to methamphetamine.

> Long is undoubtedly a sympathetic individual who is a victim of circumstances mostly outside her control, but the pervasive nature of her drug abuse and emotional and physical neglect has already caused significant trauma that her children may not be able to appreciate for years to come, if ever. . . .

Trial Court Opinion, 11/22/24, at 5 (paragraph break added).

The trial court specifically addressed Long's rehabilitative needs:

> [T]his court also properly and thoroughly considered Long's individual rehabilitative needs[.] Long is undoubtedly in need of serious interventions to address her two-decade long struggle with substance abuse and the underlying mental health issues that have created a cycle that Long was unable to stop herself. By altering its sentence on September 27, 2024, this Court recognized the need to have Long complete the state drug treatment program without allowing that program to be an avenue [for Long] to prematurely re-insert herself into her children's lives. This court balanced the Long's need for rehabilitative care with

the need to shield the children from further abuse[,] exposure[, and] further trauma at the hands of their mother.

*Id*. at 7-8 (unnecessary capitalization omitted). ***See also*** N.T., 9/27/24, at 12 (trial court stating it intended to "keep" state drug treatment program, which "would be a very positive program for" Long).

After review of the record, we determine the trial court did not abuse its discretion. The trial court clearly considered Long's rehabilitative needs, especially her drug issues and personal history, and specified she should participate in the state drug treatment program. ***See*** 42 Pa.C.S.A. § 9721(b); ***Ventura***, 975 A.2d at 1133-34. For the same reasons, the court's discussion does not reflect a sentence based solely on an intent to punish. Instead, the court weighed Long's need for drug treatment with the protection of the children. Accordingly, no relief is due on Long's claims.[5]

_____

[5] We observe that on appeal, Long does not pursue an argument she made at the resentencing hearing, that the trial court should uphold the original seven-year confinement sentence over the Commonwealth's proposed shorter confinement period with a probationary tail. In the absence of any argument regarding this aspect, we do not address it. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (stating "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant").

For the foregoing reasons, we conclude that none of Long's sentencing issues merit relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2025