J-S39018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN MICHAEL COHEN LEESE, II | : | |
| | : | |
| Appellant | : | No. 838 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 26, 2021
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000384-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 17, 2023**

Brian Michael Cohen Leese, II ("Appellant) appeals from the judgment of sentence of an aggregate term of 10 to 20 years' imprisonment, imposed after he pled guilty to three counts of delivery of a controlled substance and two counts of possession with intent to deliver a controlled substance. Appellant solely challenges the discretionary aspects of his sentence. After careful review, we affirm.

The Commonwealth entered the following facts on the record at Appellant's sentencing hearing, which led to Appellant's convictions.

> Starting on Count 1, on February 10, 2021, a confidential informant [("CI")] working with the Adams County Drug Task Force set up a controlled buy with [Appellant] in Oxford Township, Adams County, Pennsylvania. At that time[,] the CI met with [Appellant,] and [Appellant] provided the CI a powder in a plastic bag for pre-marked bills. Labs for that particular transaction showed that the powder was fentanyl and it was in excess of two grams.

Moving onto Count 3, [on] February 16, 2021, [Appellant] met with the CI in York County, Pennsylvania[,] under surveillance of the State Police, [the] Adams County Drug Task Force[,] and [the] York County Drug Task Force. There the CI purchased fentanyl from [Appellant] again in exchange for marked bills. Labs showed that the fentanyl there was again in excess of two grams.

On February … 24th for Count 6, the CI met with an uncharged co-defendant, that'll be [Appellant's co-defendant], that being in York County, Pennsylvania[,] again[,] under the watchful eye of [the] State Police, [the] Adams County Drug Task Force[,] and [the] York County Drug Task Force. [The] CI purchased fentanyl from the co-defendant working with [Appellant], again, in exchange for marked bills. The labs there showed that the fentanyl purchase was in excess of one gram.

Going back to … Count 2 for PWID[,] on February 26th, 2021, the search was conducted of [Appellant's] residence that's located in York County, Pennsylvania. There police officers working with the Adams County and York County Drug Task Force[s] and the State Police found 75 oxycodone pills. Those were possessed by [Appellant] for sale.

Additionally, with regard to Count 10 on that same date[,] during the search of [Appellant's] residence, buy money was found from the February 24th, 2021 transaction and two bags of pills. There were 200 pills total. Those were possessed for distribution. The pills were fentanyl pills and testing showed that there was in excess of 20 grams of fentanyl there for those pills. Additionally, [Appellant] possessed approximately $7,000 in U.S. currency. [Appellant] also indicated that he buys approximately 1 to 500 fentanyl pills for sale per week and will buy them for approximately $25 to $30 a pill and $18 a pill for non-fentanyl pills that he sells.

N.T., 8/17/21, at 5-6. Appellant agreed to the facts as presented by the Commonwealth. *Id.* at 6-7.

In its Pa.R.A.P. 1925(a) opinion, the trial court summarized the procedural history of this matter as follows:

On August 17, 2021, Appellant entered into a non-negotiated guilty plea to Count 1, amended Count 2,[1] Count 3, Count 6, and Count 10. Counts 1, 3, and 6 were each delivery of a controlled substance, specifically fentanyl, in violation of Section 780-113(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act.[2] Counts 2 and 10 were possession with intent to deliver a controlled substance, specifically fentanyl, also in violat[ion] of Section 780-113(a)(30). All counts were felonies with maximum sentences of 30 years on each count. Appellant was sentenced on October 26, 2021, as follows:

- Count 1 — 5 to 10 years in a state correctional institution ("SCI").

- Count 2 — 30 to 60 months['] SCI, concurrent with Count 1.

- Count 3 — 5 to 10 years['] SCI, consecutive to Count 1.

- Count 6 — 5 to 10 years['] SCI, concurrent with Count 3.

- Count 10 — 5 to 10 years['] SCI, concurrent with Count 6.

The resulting aggregate sentence for Appellant in this matter is for 10 to 20 years['] SCI.

On March 23, 2022, Appellant filed a *pro se* petition for relief under the Post-Conviction Relief Act ("PCRA").[3] Appellant was granted court-appointed counsel for representation throughout the PCRA proceedings. Counsel filed an amended PCRA petition on May 10, 2022, raising a claim for ineffective assistance of plea counsel for failure to file a requested appeal, and requesting the reinstatement of Appellant's post-sentence and appeal rights. The amended petition filed by PCRA counsel withdrew several other claims originally raised in Appellant's *pro se* petition.

A pre-hearing conference on Appellant's PCRA petition was held on May 17, 2022. The Commonwealth agreed with Appellant's

---

[1] Count 2 was amended only to change the date from February 10, 2021, to February 26, 2021. N.T. at 2.

[2] 35 P.S. §§ 780-101 – 780-144.

[3] 42 Pa.C.S. §§ 9541-9546.

assertion that due to ineffective assistance of plea counsel, his appellate rights should be reinstated. We declined to reinstate Appellant's post-sentence rights with this court because any motion requesting reconsideration of the sentence imposed would have been meritless, as there was no basis for relief. However, we granted the request to reinstate Appellant's right to file an appeal to the Pennsylvania Superior Court.[4]

Trial Court Opinion ("TCO"), 6/28/22, at 1-2 (unnecessary capitalization omitted).

Appellant did not appeal from the PCRA court's order denying him leave to file a post-sentence motion *nunc pro tunc*. Instead, on June 7, 2022, he filed a direct appeal *nunc pro tunc* from the underlying judgment of sentence. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he complied. On June 28, 2022, the trial court issued its Rule 1925(a) opinion. Appellant now presents the following sole issue for our review: "Whether the trial court erred as a matter of law and/or abused its discretion in sentencing Appellant to an aggregate sentence of 10-20 years, which constituted an excessive sentence?" Appellant's Brief at 4.

Appellant's challenge implicates the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to

_____

[4] ***See*** PCRA Court Order, 5/17/22 (single page) (reinstating Appellant's right to file a direct appeal to this Court but declining to reinstate Appellant's right to file post-sentence motions).

- 4 -

appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determined: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotation marks omitted).

Here, the record clearly reflects that Appellant was granted permission to file a direct appeal *nunc pro tunc* and that he has done so in a timely manner. However, Appellant failed to preserve his claim before the trial court. We have reviewed the transcripts and discern that Appellant did not raise any issue regarding the discretionary aspects of his sentence at the sentencing hearing, nor does he point us to anywhere in the record where such claim was preserved. Moreover, no post-sentence motion for reconsideration was ever

filed.[5] Thus, we are precluded from reviewing the merits of Appellant's claim. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. **Absent such efforts, an objection to a discretionary aspect of a sentence is waived**.") (citation omitted; emphasis in original).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2023

---

[5] Appellant elected to file a direct appeal from his judgment of sentence, rather than appeal the PCRA court's order denying him permission to file a post-sentence motion *nunc pro tunc*. *See Commonwealth v. Liston*, 977 A.2d 1089, 1090 (Pa. 2009) (holding that when a PCRA court reinstates a defendant's direct appeal rights *nunc pro tunc*, the defendant is not automatically granted the right to file a post-sentence motion *nunc pro tunc*, but that "[i]f a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief").