J-S21020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN LUIS GARCIA | : | |
| | : | |
| Appellant | : | No. 1709 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 13, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000023-2022

BEFORE:   BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED AUGUST 08, 2023**

Appellant Jonathan Luis Garcia appeals from the judgment of sentence imposed following his conviction for involuntary deviate sexual intercourse (IDSI) with a child and related offenses.  On appeal, Appellant argues that the trial court abused its discretion by failing to grant a continuance and denying his motion for a mistrial.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** Trial Ct. Op., 2/3/23, at 1-2.  Briefly, Appellant was arrested and charged with multiple offenses based on allegations that he sexually abused his minor female cousin, M.G., over a period of several years.

On August 31, 2022, one day before Appellant's jury trial was set to begin, Appellant requested that the trial court conduct a pre-trial conference

---

[*] Retired Senior Judge assigned to the Superior Court.

to address his motion for a continuance. Specifically, Appellant claimed that he was entitled to additional investigative files that the Pennsylvania State Police were unable to produce in time for trial. Ultimately, following a hearing, the trial court denied Appellant's request, and the matter proceeded to trial the following day.

The Commonwealth presented five witnesses at trial, including M.G. During M.G.'s testimony, Juror No. 10 began crying and requested a recess, which the trial court granted. Outside of the presence of the jury, Appellant requested a mistrial, stating that Juror No. 10's display of emotion prejudiced the rest of the jury panel. The trial court denied relief.

Ultimately, the jury convicted Appellant of two counts of the following charges: IDSI with a child, aggravated indecent assault of a child, indecent assault-complainant less than thirteen years of age, and indecent exposure.[1] On November 30, 2022, the trial court sentenced Appellant to an aggregate term of eighteen to thirty-six years' incarceration, to be followed by five years of probation. Appellant did not file any post-sentence motions.

On December 9, 2022, Appellant filed a timely notice of appeal.[2] Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement,

_____

[1] 18 Pa.C.S. §§ 3123(b), 3125(a)(7), 3126(a)(7), and 3127(a), respectively.

[2] We note that on December 13, 2022, the trial court amended Appellant's judgment of sentence to include the term "supplemental special conditions," which was omitted from the original November 30, 2022 judgment of sentence due to a typographical error. *See* Trial Ct. Order, 12/13/22. While trial courts
*(Footnote Continued Next Page)*

and the trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises three issues, which we have reordered as follows:

1. Whether the trial court abused its discretion and/or committed an error of law in denying [Appellant's] motion for continuance, following discovery that the Pennsylvania State Police had failed to provide documents critical to Appellant's defense, which Appellant had lawfully subpoenaed weeks prior to trial[?]

2. Whether the trial court abused its discretion and/or committed an error of law by denying [Appellant's] motion for mistrial when Juror [No.] 10 was observed hysterically crying during the alleged victim's direct examination testimony and called out from the jury box to ask the presiding judge to suspend testimony and put court in recess, so she could compose herself[?]

3. Whether the trial court abused its discretion and/or committed an error of law by failing to discharge Juror [No.] 10 as a juror and replace her with an alternate juror, following her emotional outburst during the testimony of M.G.[?]

Appellant's Brief at 4.

_____

generally do not have jurisdiction to modify a judgment of sentence after a notice of appeal has been entered, our Supreme Court has recognized that a trial court's inherent authority to correct a patent error is not limited by the fact that an appeal is pending from the patently defective judgment of sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007) (holding that Section 5505's limits on jurisdiction do not impinge upon trial court's inherent authority to correct patent errors despite absence of traditional jurisdiction); *see also* 42 Pa.C.S. § 5505. In the instant case, because the trial court modified the sentencing order to correct a typographical error, the appeal in this matter is proper pursuant to Pa.R.A.P. 905(a)(5). *See* Pa.R.A.P. 905(a)(5) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). We have amended the caption accordingly.

In his first issue, Appellant argues that the trial court abused its discretion by denying his request for a continuance "after it was discovered that the Pennsylvania State Police failed to provide documents critical to Appellant's defense, which were lawfully subpoenaed weeks prior to trial." *Id.* at 13. Appellant argues that, after discovering that the materials were missing, trial counsel "made an immediate request for a pre-trial conference with the judge, placed all of the aforementioned information on the record, and requested the trial be continued." *Id.* However, Appellant claims that "[u]nfortunately, the official record of said pre-trial conference was not provided to defense counsel with the trial record and sentencing record" and is therefore "not included in the reproduced record and not cited in this brief." *Id.*

Initially, we must determine whether Appellant has preserved this claim for review. It is well settled that it is an appellant's responsibility "to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (citation omitted). Failure to do so, absent an "extraordinary breakdown in the judicial process," constitutes waiver of the issue on appeal. *Id.* (citation omitted); *see also Commonwealth v. Stiles*, 143 A.3d 968, 978 (Pa. Super. 2016).

In the instant case, the record does not contain a transcript from the August 31, 2022 hearing. Further, the record reflects that Appellant failed to request a transcript from that hearing, despite being ordered to do so by the

- 4 -

trial court. **See** Trial Ct. Op. at 4 n.3 (explaining that although the trial court directed Appellant to request a copy of the transcript for the August 31, 2022 hearing and warned that "the issue may be waived if the transcription [] was not requested," Appellant did not request the notes of testimony). Therefore, because Appellant failed to request the transcript and did not provide this Court with the material in the certified record necessary to conduct meaningful appellate review, we are constrained to conclude that Appellant's claim is waived. **See Stiles**, 143 A.3d at 978; **Griffin**, 65 A.3d at 936.

In his remaining claims, Appellant argues that the trial court erred in failing to grant relief after Juror No. 10 had an emotional outburst during trial. Appellant's Brief at 8, 10. Specifically, Appellant notes that during M.G.'s testimony, Juror No. 10 "began sobbing loudly and visibly crying, to the point that defense counsel described her as 'hysterical,'" and interrupted the witness's testimony by requesting a break. **Id.** at 8. Appellant asserts that the trial court abused its discretion in denying his motion for a mistrial and emphasizes that the trial court "did not conduct any investigation whatsoever into the juror's emotions, reasons for the outbursts, how the other jurors perceived the outburst, and what prejudice, if any, that juror or any of the other jurors may have had against Appellant going forward." **Id.** at 10. In the alternative, Appellant argues that the circumstances of Juror No. 10's behavior "at least warranted the juror's disqualification, removal, and substitution with an alternate juror." **Id.** at 10. For these reasons, Appellant concludes that he is entitled to a new trial. **Id.** at 12.

When reviewing a trial court's decision to deny a motion for mistrial, we are governed by the following standard of review:

> A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

*Commonwealth v. Bennett*, 225 A.3d 883, 890 (Pa. Super. 2019) (citations omitted).

Likewise, we review a trial court's decision to either remove or decline to a remove a juror for an abuse of discretion. *Commonwealth v. Koehler*, 737 A.2d 225, 238-39 (Pa. 1999). This Court has explained:

> Article I, Section 9 of the Pennsylvania Constitution, as well as the Sixth Amendment to the United States Constitution, guarantees a defendant a right to an impartial jury. Pa. Const. art. I, § 9; U.S. Const. amend. VI. It is well settled that the purpose of *voir dire* is to ensure the empaneling of a fair and impartial jury capable of following the instructions of the trial court. Our Supreme Court has explained that a juror is not expected to be free from all prejudices; rather, the law requires them to be able to put aside their prejudices and determine guilt or innocence on the facts presented.
>
> The decision to discharge a juror is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. This discretion exists even after the jury has been empaneled and the juror sworn. Our Supreme Court explained that a finding regarding a venireman's impartiality is based upon determinations of demeanor and credibility that are peculiarly within a trial court's province. Its predominant function in determining juror bias involves credibility findings whose basis cannot be easily discerned from an appellate record. It is the

> appellant's burden to show that the jury was not impartial.
> Further, this Court has found that *per se* prejudice does not result
> where a juror becomes upset during the trial.
>
> *     *     *
>
> While most cases address the issue of prospective jurors, we have
> employed the same analysis in cases where a question arises
> about a juror's impartiality during trial.

*Commonwealth v. Rush*, 162 A.3d 530, 537-38 (Pa. Super. 2017) (citations omitted and formatting altered).

In *Rush*, the defendant was charged with multiple offenses, including aggravated assault and torture of a police animal, following a violent encounter with police. *Id.* at 534-36. At trial, defense counsel played a 911 tape in which Rocco, a police dog for the Pittsburgh Police Department, could be heard barking in the background. *Id.* at 538. Upon hearing the recording, Rocco's partner, Pittsburgh Police Officer Phillip Lerza, began crying on the witness stand. *Id.* At that time, one of the jurors also began crying. *Id.* The trial court in *Rush* did not engage in any further *voir dire* with the juror, instead opting to provide a closing instruction reminding the jury that it must "decide the case based on the evidence as it was presented and not be swayed by any bias, prejudice, or emotion[.]" *Id.* at 539 (citation omitted and some formatting altered). On appeal, this Court declined to find that the juror's crying was so inherently prejudicial as to warrant dismissal. *Id.* Further, the Court found that the defendant offered "nothing more than speculation about [the juror's] possible bias or influence on the rest of the jury." *Id.* Therefore,

the **Rush** Court concluded that the defendant failed to meet his burden and that the trial court did not abuse its discretion. **Id.**

Here, in denying Appellant's motion for a mistrial, the trial court explained: "[Juror No. 10] asked for a break. She was not hysterically crying. There's no question she seemed to be emotional but she was not hysterical to any degree." N.T. Trial, 9/1/22, at 46-47.

In its Rule 1925(a) opinion, the trial court further explained:

> Although the juror had asked for a "break," and had visible tears, she was not hysterical, nor had she made any disruptive noises at trial. At times during her testimony, M.G., who was very soft spoken and obviously uneasy about testifying, would cry and shake uncontrollably. M.G. often paused before answering questions as she cried and shook during her testimony. Simply because a juror shed some tears and asked for a break while observing the young girl testify did not serve to disqualify her from juror service or require that a mistrial be declared. The [trial] court observed the juror immediately before and after the break in the trial proceedings, and thereafter throughout the trial. The juror showed no emotion at any time after the break. She took an oath when sworn and subsequently was instructed, along with the balance of the jury panel, to judge the evidence fairly and impartially, without any prejudice or bias against [Appellant] or the crimes with which he had been charged. There was no reason found to dismiss her from the jury and [Appellant] offered no reason to do so other than the meritless claim that she had been "hysterically crying."

Trial Ct. Op. at 2-3.

Based on the record before us, we discern no abuse of discretion by the trial court. **See Koehler**, 737 A.2d at 238-39. As noted above, the trial court holds exclusive province over determining whether a juror's demeanor affects that juror's ability to be impartial. **See Rush**, 162 A.3d at 537-38. Moreover,

Appellant has failed to establish that Juror No. 10's display of emotion had any prejudicial effect on the other jurors. *See id.* at 539 (finding that the defendant offered "nothing more than speculation" as to the prejudicial effect of a juror crying, if any, on the remainder of the jury). Accordingly, Appellant is not entitled to relief.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/08/2023

---

[3] We note that in Appellant's brief, he references the trial court's failure to provide a curative instruction to the jury. *See* Appellant's Brief at 9. The record, however, reveals that Appellant never requested that the trial court provide a curative instruction; and Appellant did not object to the trial court's closing instructions to the jury. *See* N.T. Trial, 9/1/22, at 46-47; N.T. Trial, 9/2/22, at 346.