J-S01024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAIAH J. BROWN | : | |
| | : | |
| Appellant | : | No. 488 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 4, 2025
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000762-2024

BEFORE: BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: March 10, 2026**

Isaiah J. Brown appeals from the judgment of sentence entered in the Erie County Court of Common Pleas on March 4, 2025, after a jury found him guilty of robbery and related charges. On appeal, Brown claims the trial court erred by allowing the Commonwealth to exercise a peremptory strike in violation of **Batson v. Kentucky**, 476 U.S. 79 (1986). After careful review, we find Brown's claim is waived and otherwise without merit. We therefore affirm Brown's judgment of sentence.

As Brown only challenges the *voir dire* portion of his trial, the underlying facts supporting his conviction are not germane to this appeal. Briefly, on May

_____

[*] Former Justice specially assigned to the Superior Court.

23, 2024, Brown was charged with multiple offenses related to a robbery which occurred on December 4, 2023 at a Citizens Bank.

On January 9, 2024, following a trial, a jury found Brown guilty of Robbery—Threat of Immediate Serious Injury, Robbery—Demanding Money from a Financial Institution, Theft by Unlawful Taking—Movable Property, Receiving Stolen Property, and Possessing Instruments of a Crime.[1] On March 4, 2025, the trial court sentenced Brown to an aggregate term of 48 to 96 months' incarceration. Brown filed a post-sentence motion for a new trial based on a weight of the evidence claim, and the improper handling of a **Batson** challenge. Following consideration of the Commonwealth's response, the trial court denied the post-sentence motion. This timely appeal followed.

In his sole claim raised on appeal, Brown argues the trial court erred by finding the Commonwealth presented a race-neutral explanation for striking a venire person and denying his **Batson** challenge. Specifically, Brown argues the trial court did not follow the proper procedure for a **Batson** challenge, and in any event the court erred in allowing the Commonwealth to strike a Korean-American *venire* person, one of only three persons of color represented in the jury panel.

Initially, we note a **Batson** claim presents mixed questions of law and fact. Therefore, our standard of review is whether the trial court's legal

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii), 18 Pa.C.S.A. § 3921(a), 18 Pa.C.S.A. § 3925(a), 18 Pa.C.S.A. § 907(a).

conclusions are correct and whether its factual findings are supported by the record or clearly erroneous.

> In **Batson**, the [Supreme Court of the United States] held that a prosecutor's challenge to potential jurors solely on the basis of race violates the Equal Protection Clause of the United States Constitution. When a defendant makes a **Batson** challenge during jury selection:
>
>> First, the defendant must make a *prima facie* showing that the circumstances give rise to an inference that the prosecutor struck one or more prospective jurors on account of race; second, if the *prima facie* showing is made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the juror(s) at issue; and third, the trial court must then make the ultimate determination of whether the defense has carried its burden of proving purposeful discrimination.

**Commonwealth v. Edwards**, 177 A.3d 963, 971 (Pa. Super. 2018) (citations and quotation marks omitted). "The trial court should consider the totality of circumstances when determining whether the prosecutor acted with discriminatory intent or engaged in purposeful discrimination." **Commonwealth v. Towles**, 106 A.3d 591, 602 (Pa. 2014) (citation omitted). This Court must give great deference to the trial court's finding about the absence of discriminatory intent in peremptory challenges, and we will not overturn it unless it is clearly erroneous. **See id.**

Further, with respect to the preservation of **Batson** claims, our Supreme Court has stated an appellant must raise a **Batson** objection during *voir dire* in order to "preserve a challenge to the Commonwealth's use of peremptory strikes." **Commonwealth v. Smith**, 17 A.3d 873, 894 (Pa. 2011). Where

"defense counsel did not raise or preserve any claim of racial discrimination in jury selection with a contemporaneous **Batson** objection at trial, we have repeatedly held that the **Batson** framework does not apply." **Commonwealth v. Hutchinson**, 25 A.3d 277, 287 (Pa. 2011).

Here, the record reveals that the parties waived the presence of the judge and the court reporter during the jury selection process. Accordingly, we cannot confirm whether Brown raised a **Batson** objection during the jury selection process. However, the trial court, along with both parties, all cite to, and rely on, a discussion that occurred seemingly contemporaneous with *voir dire* regarding the striking of the at-issue *venire* person. According to the Commonwealth, in its response to Brown's post-sentence motion, arguments about *voir dire* were heard outside of the presence of the *venire* in Judge Mead's chambers with a court stenographer present. **See** Commonwealth's Response to Motion for Post-Sentence Relief, 3/26/25, at ¶ 11. Despite this contention, no such transcript appears in the certified record.[2] We note, "[i]t is the responsibility of an appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) (citation omitted).

---

[2] Further, our informal efforts to secure the transcript were unsuccessful as it appears no transcript of this "argument" was filed with the clerk of courts.

Even if we were to rely on the parts of the in-chambers argument that the parties cite to, as the discussion appears to be undisputed, these citations only prove that the Commonwealth, immediately prior to exercising peremptory challenges, indicated that it was attempting to strike a person who the Commonwealth noted, on its own accord, was Korean-American. *See* Trial Court Opinion, at 2. The Commonwealth stated it was going to challenge her and wanted to explain its reasoning, namely, because it found her maturity to be questionable based on her lack of eye-contact and the amount of personal items she brought up with her during questioning. *See id.*

The trial court noted it found that reason was proper. *See id.* In response, defense counsel stated the *venire* person was rehabilitated and there was no reason to strike her. *See* id. at 1-2. Notably, defense counsel did not mention race at all. Therefore, there is no indication that defense counsel raised a *Batson* challenge. Accordingly, Brown has waived his *Batson* claim for both his failure to include the relevant transcript in order for us to conduct our review, and because there is no record indication that Brown even raised a *Batson* claim.

We note, even if not waived, this claim appears to lack merit. In the totality of the circumstances, we discern no legal or factual error. Again, even if we were to rely on the citations provided by the parties and the trial court to the argument that occurred in the judge's chambers, it is clear the Commonwealth provided a race-neutral explanation, and the trial court found

Brown failed to carry his burden of proving a **Batson** claim. **See** Trial Court Opinion, 6/23/25, at 1-3; **see also Edwards**, 177 A.3d at 971; **Towles**, 106 A.3d at 602. Therefore, even if not waived, Brown's issue would not merit relief.

As we find Brown's sole claim raised on appeal is waived and otherwise without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/10/2026